**In re Joseph E. BASHOUR, Debtor.**

**Bankruptcy No. 87–02234.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Jan. 4, 1991.

D. Bowen Loeffler, Port Clinton, Ohio, Trustee.

Donald G. Mayer, Wapakoneta, Ohio, for debtor.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on Debtor's Motion to Remove D. Bowen Loeffler as Trustee in this matter for failure to prosecute a preference. A Hearing was held at which time the parties were to brief the issues raised in the Debtor's Motion. Prior to the due date for the briefs, the Trustee filed a Motion to Dismiss the Debtor's Motion to Remove D. Bowen Loeffler as Trustee. The Court has reviewed the written arguments of counsel, the relevant case law, as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Trustee's Motion should be Granted.

## DISCUSSION

Joseph E. Bashour, individually and doing business as Dynaseal Plastics (collectively referred to hereinafter as the Debtor), owed an outstanding unsecured debt in the amount of One Hundred Thirty Thousand Dollars ($130,000.00) to High Quality Plastics, Inc. (hereinafter High Quality Plastics). On July 1, 1987, the Debtor signed a cognovit promissory note in the amount of One Hundred Thirty Thousand Dollars ($130,000.00) and granted a security interest in favor of High Quality Plastics in "all inventory, accounts receivable arising out of the sale of milk bottle caps manufactured by High Quality Plastics, Inc." Financing statement, UCC–2. The security interest was properly recorded.

On August 12, 1987, High Quality Plastics filed a complaint utilizing the cognovit provision of the note. Judgment was rendered and notice was given pursuant to O.R.C. Section 2323.13. High Quality Plastics was paid approximately Ninety Thousand Dollars ($90,000.00) of the Debtor's receivables. High Quality Plastics also levied upon Thirteen Thousand Seven Hundred Fifty Dollars ($13,750.00) of inventory belonging to the Debtor.

The Debtor filed for Bankruptcy on September 30, 1987. D. Bowen Loeffler was appointed Trustee on October 6, 1987. The Debtor listed in his schedules that he owed the Internal Revenue Service and the State government a total of Eighty-eight Thousand Four Hundred Fifty Dollars ($88,-450.00), not including any interest penalties.

The transfer of the security interest in the accounts receivable and inventory appears to be a preferential transfer. *See,* 11 U.S.C. § 547(b). The Debtor wanted the Trustee to recover the preferential transfer to High Quality Plastics. The Trustee refused. He based his refusal on many grounds. Through meetings with High Quality Plastics and other discovery, Mr. Loeffler determined that there are possible defenses that could be raised by High Quality Plastics which would complicate the collection of any monies under the preference action, and to successfully eradicate these complications would require an expenditure of funds that are not available in the estate. The Trustee further determined that the inventory which High Quality Plastics levied upon has no resale value whatsoever. A notice of proposed abandonment has been filed by the Trustee and the Court will address this issue in the near future.

At the Hearing, Mr. Loeffler indicated that if he should be forced to proceed on the preference action, all of the money collected would go to the Internal Revenue Service to pay off its debt. None of the money would go to the creditors, and as such, Mr. Loeffler would not be acting in the best interests of the estate or the creditors. The Trustee does not believe that it is his duty to act as a collection agent for the taxing authorities. The Debtor admitted that the sole reason that he wanted the Trustee to recover the preference was to reduce the tax obligation that ultimately will fall upon him. Mr. Loeffler asserted that after careful deliberation he has decided not to pursue the preference action for

the reasons stated above and that his decision is not improper.

■ The Court agrees with Mr. Loeffler that he is not solely a collection agent of the taxing authorities and that he should not be forced to initiate an action that he does not believe will benefit the creditors. Additionally, the Court believes that the Debtor may not necessarily have standing in this particular proceeding to have a Trustee removed. Trustees are representatives of the bankrupt estate and as such can commence and prosecute any action on behalf of the estate. 11 U.S.C. § 323(a) and Bankruptcy Rule 6009. Trustees do not represent the debtor nor do they owe the debtor any fiduciary obligation. A party in interest who believes that the duties are not properly being carried out by the Trustee may ask the Court to have the Trustee removed for cause. 11 U.S.C. § 324. Generally, removals are sought by creditors who do not believe that the trustee is qualified or is acting to protect the creditor's interests. *In re El San Juan Hotel Corporation*, 841 F.2d 6, at 8–9 (1st Cir.1988); *In re Persky*, 893 F.2d 15 at 17–18 (2d Cir.1989).

■ Trustees are to have independence and discretion in managing the estate. The Court has confidence in the judgment of Mr. Loeffler as Trustee in this matter and is declining to substitute itself for his judgment. As there are no indications of violations of fiduciary duties, misrepresentations, fraud, lack of capacity, or mismanagement of the estate, the Court finds that there is no cause to remove Mr. Loeffler as Trustee.

In reaching these conclusions, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that the Trustee's Motion to Dismiss the Debtor's Motion to Remove D. Bowen Loeffler as Trustee be, and is hereby Granted.