972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Robert B. MUNN and Marcia L. Munn, doing business as
Captain Bob's Marine and Huron Hydraulics, Debtors.
David R. HEYBOER, Trustee for the estate of Robert B. Munn
and Marcia L. Munn, Debtors, Plaintiff-Appellee,
v.
Robert B. MUNN, Defendant-Appellant.
 No. 92-1287.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 2
 Robert B. Munn, debtor, appeals pro se the district court's judgment affirming the decision of the bankruptcy court in this adversary proceeding. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 David R. Heyboer, trustee, brought this proceeding against the debtor to recover proceeds of a sale of allegedly nonexempt, nonabandoned property. The debtor counterclaimed against the trustee for fraud and a breach of the trustee's fiduciary duty. The bankruptcy court determined that the property was a part of the estate, set aside the sale, and entered judgment in favor of the trustee. The debtor's counterclaims were dismissed. The district court affirmed the decision of the bankruptcy court; this appeal followed.
 
 
 4
 Upon review, we conclude that the district court's findings of fact were not clearly erroneous. See Northern Pipeline Const. Corp. v. Marathon Pipe Line Co., 458 U.S. 50, 85 (1982); Cle-Ware Indus., Inc. v. Sokolsky, 493 F.2d 863, 869 (6th Cir.), cert. denied, 419 U.S. 829 (1974). Moreover, the district court properly applied the law in reviewing the decision of the bankruptcy court. See In re Caldwell, 851 F.2d 852, 857 (6th Cir.1988).
 
 
 5
 The debtor's belief that the property was his to do with as he pleased is unfounded. Property in the possession of the debtor at the commencement of the bankruptcy case becomes part of the bankruptcy estate, see 11 U.S.C. § 541(a), and remains a part of the estate unless it is exempt or abandoned by the trustee. See 11 U.S.C. § 554. Its status as property of the estate is unaffected by entry of the discharge order. See 11 U.S.C. § 726(a)(6); Bauer v. Commerce Union Bank, 859 F.2d 438, 440-41 (6th Cir.1988), cert. denied, 489 U.S. 1079 (1989).
 
 
 6
 The debtor in this case acknowledges that the property in question was not claimed as exempt. His claim that the property was abandoned by the trustee is not supported by the record.
 
 
 7
 The debtor's counterclaim for breach of fiduciary duty was properly dismissed because the trustee does not owe a fiduciary duty to the debtor; the trustee's duty is to the estate. See 11 U.S.C. § 323; In re Bashour, 124 B.R. 52, 54 (Bankr.N.D.Ohio 1991); see also Bauer, 859 F.2d at 441.
 
 
 8
 Accordingly, the district court's judgment affirming the decision of the bankruptcy court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation