**Anthony S. CASERTA, Appellant,**

v.

**Gerald J. TOBIN, Appellee.**

**No. 94–0048–CIV.**

United States District Court, S.D. Florida.

Dec. 6, 1994.

---

Irving M. Wolff, Miami, FL, for appellant.

Myrna Bricker, Miami, FL, for appellee.

### MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF BANKRUPTCY COURT

ARONOVITZ, District Judge.

The Debtor, Anthony S. Caserta, appeals the Order That Sanctions Not Be Imposed on Gerald J. Tobin in Connection With His Filing And/Or Withdrawal of Claims, entered on July 2, 1993, by Chief Judge A. Jay Cristol of the United States Bankruptcy Court for the Southern District of Florida.

### Procedural and Factual Background

Judge Cristol ruled that Gerald J. Tobin, one of Caserta's creditors, should not be sanctioned for filing proofs of claims against the estate and then withdrawing them on the eve of the hearing on the Debtor's objections to those claims. As part of that ruling, Judge Cristol held that "the debtor has no pecuniary interest in the case and lacks standing to object to Tobin's or any other creditor's claims." *See* Order of July 2, 1993, p. 8.

Tobin moved this court to dismiss the appeal as interlocutory and moved to strike certain portions of the debtor's brief. In its Order Granting in Part and Denying in Part Appellee's Motion to Dismiss Debtor's Appeal, entered March 1, 1994, this court narrowed the issues on appeal to only the bankruptcy court's determination that Caserta lacked standing as debtor to object to the claims of the creditor, Tobin. This court also struck all portions of the debtor's initial brief that addressed issues other than standing.[1]

Because of the narrow issue on appeal, only the following facts are relevant. On March 14, 1991, Caserta filed a chapter 7 petition. He scheduled approximately $7,000,000 in claims and designated the case as a no-asset case. A chapter 7 Trustee was duly appointed. On February 10, 1992, Tobin filed four proofs of claims against the estate. The Trustee filed no objections. On or about April 6, 1992, Caserta filed objections to all of Tobin's claims.

### Discussion

The only issue to be considered in this appeal is whether Caserta, as the chapter 7 debtor, has standing to object to creditor Tobin's proof of claim. The bankruptcy court's determination that the chapter 7 debtor had no standing to object to the creditor claim is a conclusion of law, subject to de novo review. *In re Chase and Sanborn Corp.*, 904 F.2d 588, 593 (11th Cir.1990); *In re Sublett*, 895 F.2d 1381 (11th Cir.1990).

The question of standing generally challenges whether a party is the proper one to request an adjudication of a particular issue. *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984 (11th Cir.1990) (citing *Flast v. Cohen*, 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947 (1968). Section 502(a) provides that a claim is allowed, unless a "party in interest" objects. 11 U.S.C. § 502(a). Congress has given any "party in interest" standing to object to a creditor's claim. Congress has not however defined the term "party in interest."

Caserta argues that as a debtor seeking discharge, he has an interest in objecting to a claim filed in his own bankruptcy case. While that may be true, his interest in a discharge is not affected by the allowance or disallowance of claims. Moreover, courts have consistently held that a chapter 7 debtor is not a party in interest for the purpose

---

1. *See,* Order Granting Appellee's Amended Motion to Strike Certain Portions of Appellant's Initial Brief; Denying the Motion to Dismiss and Granting Appellee an Extension of Time in Which to File Answer Brief, entered June 9, 1994.

of objecting to creditor claims. *Willemain v. Kivitz,* 764 F.2d 1019, 1022 (4th Cir.1985) (insolvent debtor lacked standing to object to trustee's sale of estate asset); *Kapp v. Naturelle,* 611 F.2d 703, 706 (8th Cir.1979) (insolvent debtor has no interest in how his assets are distributed); *Skelton v. Clements,* 408 F.2d 353, 354 (9th Cir.1969) (debtor lacked standing to seek review of order approving asset liquidation); *In re Woodmar Realty Co.,* 241 F.2d 768, 770–71 (7th Cir.1957) (may not follow that because debtor may seek reconsideration of claim's allowance, debtor may also object to the allowance of claim); *In re Stanley,* 114 B.R. 777, 778 (Bankr. M.D.Fla.1990) (unless disallowance creates a surplus, debtor lacks standing to object to claims); *In re George,* 23 B.R. 686 (Bankr. S.D.Fla.1982) (where claims far exceeded assets, debtor lacked standing to object to fee application).

Courts have recognized two exceptions to this rule: (1) where no trustee has been appointed; or (2) where there will be a surplus after distribution providing the debtor with a pecuniary interest in the estate. *See In re Woods,* 139 B.R. 876, 877–78 (Bankr. E.D.Tenn.1992); *Stanley,* 114 B.R. at 778; *In re Coleman,* 131 B.R. 59, 60–61 (Bankr. N.D.Tex.1991); *In re Silverman,* 37 B.R. 200, 201 (S.D.N.Y.1982); *see also Kapp v. Naturelle,* 611 F.2d at 706 (though not defined by Congress, "party in interest" must mean pecuniary interest).

Caserta has neither alleged nor demonstrated the existence of either circumstance. A chapter 7 Trustee has been appointed. The estate will have no surplus that would give Caserta a pecuniary interest. Caserta filed this as a no-asset case with aggregate claims of approximately $7 million. Section 726, which governs the priority for distribution of property of the estate, permits no distribution to the debtor until all allowed unsecured claims are paid in full with interest. 11 U.S.C. § 726. Caserta has not asserted any right to any distribution and does not contest his lack of pecuniary interest in the case. Nor has Caserta demonstrated that disallowing Tobin's claim would produce a surplus of assets over claims. *See Stanley,* 114 B.R. at 778; *Silverman,* 37 B.R. at 201.

The possibility of a surplus in the estate following distribution to creditors simply does not exist. Caserta satisfies neither exception.

**Conclusion**

As a chapter 7 debtor in a case where a trustee has been appointed and where no surplus will exist to create a pecuniary interest on behalf of the debtor, Caserta lacks standing to object to his creditor Tobin's claims.

Accordingly, the Order That Sanctions Not Be Imposed on Gerald J. Tobin in Connection With His Filing and/or Withdrawal of Claims, is hereby AFFIRMED to the extent that it holds that Anthony S. Caserta, chapter 7 debtor, lacks standing to object to the claims of Gerald J. Tobin, creditor.

DONE AND ORDERED.