Stephany S. CARR, Trustee, Appellant,

v.

Martin L. SANDLER, Anthony Sanchez and Hugh Lee Nathurst, III, Appellees.

No. 95–183–CIV–FTM–17D.

United States District Court, M.D. Florida, Fort Myers Division.

Nov. 30, 1995.

Dennis Jay Levine, Kass Hodges, P.A., Tampa, FL, for Stephany S. Carr.

Martin L. Sandler, Taylor, Brion, Buker & Greene, Miami, FL, for Martin Sandler.

Anthony F. Sanchez, Taylor, Brion, Buker & Greene, Miami, FL, for Anthony Sanchez.

Patti W. Woodruff, Alan P. Woodruff & Associates, P.A., Cape Coral, FL, for Hugh Lee Nathurst, III.

Hugh Lee Nathurst, III, Ft. Myers, FL, pro se.

### *ORDER*

KOVACHEVICH, Chief Judge.

This cause is before this Court on the following motions:

1. **Appellee Nathurst's** Motion to Compel Service of Appellant's Brief on Appellee Nathurst (Dkt. No. 10.).

2. **Appellee Nathurst's** Motion for Extension of Time in Which to File Responsive Brief (Dkt. No. 10).

3. **Appellee Nathurst's** Motion for Sanctions (Dkt. No. 10).

4. **Appellee Sanchez'** Motion to Extend Time to File Appellee's Answer Brief until ruling on Motion to Strike (Dkt. No. 11).

5. **Appellant Carr's** Motion to Strike Pleading Filed by the Taylor Brion Law Firm (Dkt. No. 15).

### *STANDARD OF APPELLATE REVIEW*

This case is before the Court on appeal from the Bankruptcy Court. The appeal is from a judgment of sanctions against Appellant. The Court has several Motions for consideration.

### *FACTS*

This case is on appeal from the Bankruptcy Court on the granting of sanctions against Appellant, Stephany S. Carr. Appellant does not agree with Judge Paskay's ruling of F.R.B.P. 9011 sanctions. The F.R.B.P. 9011 sanctions were awarded against Appellant because the Bankruptcy Court found that she filed documents without sufficient inquiry into the facts.

The documents in question include an order authorizing a F.R.B.P. 2004 examination, and a subpoena for appearance. The most important document, which was the cause for the sanctions, was the Motion for Apprehension and Removal of Debtor, Hugh Lee Nathurst, III. There is no dispute that the events described below occurred.

Appellee Nathurst was required to attend a F.R.B.P. 2004 examination, but did not appear for the examination. One of the fac-

tual disputes is whether Appellant knew Appellee Nathurst would not attend the examination before she issued the Motion for Apprehension. The events that occurred are undisputed. However, the facts related to the issuance of the Order granting sanctions are in dispute.

On appeal, Appellant contends that Judge Paskay made his ruling based upon facts that did not apply to the Sanctions Order. Appellant also appeals the amount of sanctions awarded.

Appellee Nathurst, a named party to this action, is asking this Court to compel Appellant to provide him with a copy of the appellate brief. Appellee Nathurst also asks this Court to grant his Motion for Sanctions against Appellant.

Appellee Sanchez asks this Court to strike the paragraphs from Appellant's Brief that contain issues not presented in the Notice of Appeal. On the Notice and Record of Issues on Appeal, Appellant stated only two issues for appellate review. Appellant's Brief contains three issues. Appellee Sanchez asks this Court to strike the third issue. Appellee Sanchez' reasoning is that Appellant should not be allowed to appeal an issue that was not timely brought before the District Court.

Appellant asks this Court to strike Appellee Sanchez' Motion to Strike. Appellant argues that Appellee Sanchez is not a party in interest, and should not file Motions in this case. Appellee Sanchez and the Taylor Brion law firm withdrew from representing Appellee Nathurst before the case went on appeal.

Appellant asks this Court to disregard the Taylor Brion Law Firm as a party in this suit because it withdrew from representing Appellee Nathurst. Appellant also asks that the Law Firm's Motion be stricken. Appellee Sanchez asserts that he is a party in interest because he represented Appellee Nathurst at the time the sanctions were awarded.

*Appellee's Motion to Compel Service of Appellant's Brief*

Appellee Nathurst is a named party in this case, yet Appellant's attorney contends that Appellee Nathurst has no stand-

ing in this dispute. Although being named a party does not necessarily give a person standing, it is probative of the issue.

■ A party in a case is one who has standing. "A party in interest must mean pecuniary interest". *Caserta v. Tobin,* 175 B.R. 773, 775 (Bankr.S.D.Fla.1994) (citing *Kapp v. Naturelle,* 611 F.2d 703, 706 (8th Cir.1979)). Appellee Nathurst has a pecuniary interest in the sanctions award. Appellee Nathurst wants the sanctions award to become a part of the estate. Following *Caserta v. Tobin,* 175 B.R. 773, 775 (Bankr. S.D.Fla.1994) (citing *Kapp v. Naturelle,* 611 F.2d at 706), since Appellee Nathurst has a pecuniary interest in the sanctions award, he is a party in this appeal. As a party to the appeal, Appellee Nathurst should receive a copy of Appellant's Brief.

The Law Firm of Taylor, Brion, Buker & Greene, et al., who formerly represented Appellee Nathurst, filed a response to Appellee Nathurst's Motion to Compel Service of Appellant's Brief. The Law Firm states that Appellee Nathurst filed the Motion contrary to Fed.R.Civ.P. 12(f). (Dkt. No. 14). The rule states ". . . the court may order stricken from any pleading any . . . immaterial, impertinent, or scandalous matter". Fed. R.Civ.P. 12(f).

The Law Firm states that the Motion is impertinent because Appellee Nathurst has a state action pending against Appellant and Appellee Sanchez. Since the state court action is not relevant here, Appellee Nathurst has a right to be served any papers in a case in which he is a party.

Federal Bankruptcy Rule 8008(b) states, "Copies of all papers filed by any party . . . **shall,** . . . **be served** by the party or a person acting for the party **on all other parties to the appeal**". (emphasis added). The rule further states that "service on a party represented by counsel shall be made on counsel". F.R.B.P. 8008.

Therefore, the Court grants Appellee Nathurst's Motion to Compel Appellant to serve a copy of the appellate brief. Accordingly, Appellant "shall serve . . . a brief within 15 days after entry of the appeal on the docket . . .". F.R.B.P. 8009(a)(1).

*Appellee's Motion to Extend Time to File Responsive Brief*

■ Since Appellee Nathurst has not received a copy of the appellate brief, he filed this Motion to Extend Time for a Responsive Brief. Federal Rule of Bankruptcy Procedure 8008 states that all parties shall receive all papers involved in the litigation. The Court finds that Appellee Nathurst is a party in interest, and Appellant must serve him a copy of the appellate brief. Appellee Nathurst's Motion to Extend Time for the Responsive Brief is granted. Appellee Nathurst must ". . . serve and file a brief within 15 days after service of the brief of appellant". F.R.B.P. 8009(a)(2).

*Appellee's Motion for Sanctions*

■ Appellee Nathurst requests sanctions against Appellant for not serving him a copy of the appellate brief. Appellant's counsel believed Appellee Nathurst was not a party in this appeal. Appellant and her attorney are requested to show that the failure to provide Appellee Nathurst an appellate brief was the result of excusable neglect. The Court requests a further response as to the failure to furnish Appellee Nathurst with an appellate brief and the response shall be filed within ten days. The Court denies Appellee Nathurst's Motion for Sanctions, without prejudice.

*Appellee Sanchez' Motion to Extend Time to File Appellee's Answer Brief Until Ruling on Motion to Strike*

■ Appellee Sanchez asks the Court to strike portions of Appellant's Brief that contain issues not stated in the Record of Issues on Appeal. F.R.B.P. 8006. Court interpretation varies as to whether issues that have not been recorded in the Notice of Appeal can be brought up in the appellate brief.

■ "The burden of providing the district court with an adequate record on appeal from the bankruptcy court is on the appellant". *In re Winters,* 1994 WL 397939, 1994 U.S.Dist. LEXIS 9740 (N.D.Ill. July 13, 1994), (citing *Matter of Thompson,* 140 B.R. 979, 982 (N.D.Ill.1992)). "An adequate designation of issues on appeal is also necessary to

put the appellee on notice as to which issues it must defend against and whether the appellant's designation of issues will produce a record adequate for the appellate court". *In re Winters,* 1994 WL 397939, 1994 U.S.Dist. LEXIS 9740 (N.D.Ill. July 13, 1994), (citing 9 Collier on Bankruptcy P8006.04). Accordingly, Appellant in this case is responsible for presenting the issues Appellees must refute.

The Eleventh Circuit's view as to issues presented after the Record and Issues of Appeal have been served on the other parties has an impact on Appellant. In *In re Freeman,* 956 F.2d 252 (11th Cir.1992), "the court declined to consider the issues not included in the designation of record on appeal". That decision was from the district court before the case went on appeal. At the Eleventh Circuit Court of Appeals, the court found that since the appellant in the *Freeman* case did not list all of the issues in the Record and Issues on Appeal, the court would not consider any additional issues.

The Eleventh Circuit relies on *Energrey Enterprises, Inc. v. Oak Creek Energy Systems, Inc.,* 119 B.R. 739 (Bankr.E.D.Cal. 1990), which states, "An issue that is not listed pursuant to this rule and is not inferable from the issues that are listed is deemed waived and will not be considered on appeal". Applying the court's analysis of issues to be considered, the third issue Appellant added in her brief is not inferable from the issues properly raised.

Appellant had the following two issues in her Notice and Record of Appeal:

1. Whether the Court erred in finding that the Trustee had no factual or legal basis to file a Motion for Apprehension and Removal of the Debtor.

2. Whether the Court erred in the amount of the sanctions awarded.

Appellant's Brief contained the following third issue:

3. Whether the Bankruptcy Court erred in not holding an evidentiary hearing before the entering of sanctions against the Trustee.

As the court stated in *Freeman,* "Since these issues are not inferable from the issues that were properly raised, we will not consid-

er them in this decision". *In re Freeman,* 956 F.2d 252, 255 (11th Cir.1992). Appellant's third issue of an evidentiary hearing is not inferable from her previously stated issues. The appeal the denial of an evidentiary hearing is not properly inferred from the issues raised on the Notice of Appeal. The previously stated issues dealt with the error of the Bankruptcy Court as to the amount of sanctions, and the factual basis on which Appellant filed the Apprehension Motion. An evidentiary hearing is not a conclusion the Court infers when reviewing the facts of the previously raised issues on the Notice of Appeal.

◼ Adhering to the Eleventh Circuit's authority as to the Record of Issues on Appeal, this Court grants Appellee Sanchez' Motion to Strike the portions of Appellant's Brief that were not properly raised. This Court will not consider an issue that is not properly inferred from previously stated issues. *In re Freeman,* 956 F.2d 252, 255 (11th Cir.1992).

*Appellant's Motion to Strike Pleading Filed by Appellee Sanchez*

◼ Appellant's Motion to Strike Appellee Sanchez' pleading is based upon her reasoning that Appellee Sanchez is not a party in this appeal. Appellant cites *Sumitomo Corp. of America v. M/V Saint Venture,* 683 F.Supp. 1361 (M.D.Fla.1988) (real party in interest is person who is actually and substantially interested in subject matter as distinguished from one who has nominal, formal, or technical interest in or connection to the matter). Also, a party in interest is one who has standing. As stated in *Caserta v. Tobin,* 175 B.R. 773, 775 (Bankr.S.D.Fla. 1994) (citing *Kapp v. Naturelle,* 611 F.2d at 706), "a party in interest must mean pecuniary interest".

Appellant contends Appellee Sanchez has only a "formal interest or connection to the matter", *Sumitomo Corp. of America v. M/V Saint Venture,* 683 F.Supp. 1361, 1368 (M.D.Fla.1988), because he formerly represented Appellee Nathurst as his attorney, which created a relationship. However, according to the Bankruptcy Code, the Court

finds Appellee Sanchez is an interested party.

Section 11 U.S.C. § 101(14) of the Bankruptcy Code states that a "disinterested person" is someone that:

(E) does not have an interest materially adverse to the interest of the estate ... by reason of any direct or indirect relationship to, connection with, or interest in the debtor ... or for any other reason; ....

Appellee Sanchez has a pecuniary interest in the sanctions award because of the time sheets and detailed calculations he had to provide the Court. The detailed calculations were of the expenses incurred because of Appellant's actions concerning the Motion for Apprehension and Removal of Debtor. Since Appellee Sanchez has "an interest materially adverse to the interest of the estate ... by reason of any direct or indirect relationship to ... the debtor", he cannot be a disinterested party within the terms of 11 U.S.C. § 101(14)(E) of the Bankruptcy Code. Therefore, Appellee Sanchez is an interested party.

Finally, Appellee Sanchez is a named party, has a pecuniary interest, and is not a "disinterested party" according to 11 U.S.C. § 101(14)(E). Therefore, Appellant's Motion to Strike Appellee Sanchez' Motion is denied. Accordingly, it is

ORDERED, that Appellee Nathurst's Motion to Compel Appellant to Serve Appellee with an appellate brief (Dkt. No. 10) be **GRANTED,** and Appellant has 15 days in which to serve the brief; further, it is

ORDERED, that Appellee Nathurst's Motion to Extend Time to Respond to the Brief (Dkt. No. 10) be **GRANTED,** and Appellee Nathurst shall have 15 days after service of the brief in which to respond; further, it is

ORDERED, that Appellee Nathurst's Motion for Sanctions (Dkt. No. 10) be **DENIED,** until further response from Appellant as to why the appellate brief was not served; further, it is

ORDERED, that Appellee Sanchez' Motion to Extend Time to File Appellee's Answer Brief (Dkt. No. 11) be **GRANTED;** further, it is

**ORDERED,** that Appellant's Motion to Strike the Pleading filed by Appellee Sanchez be **DENIED.**

**DONE AND ORDERED.**