# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-2934

_____

| | | |
|---|---|---|
| Credit General Insurance Company, | * | |
| | * | |
| | * | |
| Plaintiff/Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| NationsBank, N.A. Midwest, | * | |
| | * | |
| Defendant/Appellant, | * | |
| | * | Appeal from the United States |
| _____ | * | District Court for the |
| | * | Western District of Missouri. |
| NationsBank, N.A. Midwest, | * | |
| | * | |
| Third Party Plaintiff/Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| L&S General Contractors, LLC; Larry | * | |
| Mikels; and Ireneusz Kuligowski, | * | |
| | * | |
| Third Party Defendants/Appellees. | * | |

_____

Submitted: April 16, 2002

Filed: August 14, 2002

_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.
_____

RILEY, Circuit Judge.

L&S General Contractors, LLC (L&S) purchased an uncertified book-entry certificate of deposit (CD 005) in the principal amount of $100,000 from NationsBank, N.A. Midwest (NationsBank). L&S later assigned CD 005 to Credit General Insurance Company (Credit General) as collateral security for performance and payment bonds on a Howard Johnson construction project. Credit General forwarded to NationsBank a written notice of the assignment which stated, "Please hold this account as assigned to us until demanded or released by us." NationsBank recorded the assignment and executed a written acknowledgment. When CD 005 matured, L&S rolled over the proceeds into a short-term certificate of deposit (CD 058) and, upon maturity, rolled over the proceeds of CD 058 into another short-term certificate of deposit (CD 072). The bank book entries of CD 058 and CD 072 recorded L&S as the only principal/payee and did not reflect Credit General's assignment interest. NationsBank admitted its failure to show Credit General as assignee on the rollover book entries for CD 058 and CD 072 was a mistake.

Upon maturity, L&S withdrew the proceeds of CD 072 without the knowledge or consent of Credit General. Later, Credit General made written demand on NationsBank for the proceeds of CD 005, and NationsBank informed Credit General that CD 005 had been redeemed and refused payment. Credit General sued NationsBank for wrongful payment of proceeds. Following discovery, both parties filed cross motions for summary judgment. The district court,[1] upon reconsideration of its earlier ruling, granted summary judgment to Credit General based on L&S's

_____

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

written assignment of CD 005 to Credit General, awarding $100,000 in damages, plus interest and costs.

Seeking a reversal, NationsBank argues (1) CD 005 was controlled by the Missouri Uniform Commercial Code (UCC), (2) the Missouri Adverse Claims Statute applies, and (3) the assignment was conditional and limited in time to the completion of the Howard Johnson project. We disagree. After carefully examining the record, the Court finds sufficient evidence to support the district court's findings that the assignment was valid and its notice effective. We affirm the well-reasoned opinion of the district court.

## DISCUSSION

This diversity case is controlled by applicable Missouri law. In Missouri, a validly executed assignment "vests the rights and interests of the assignor in the assignee," Miller v. Dannie Gilder, Inc., 966 S.W.2d 397, 399 (Mo. Ct. App. 1998), and "divests the assignor of all right of control over the subject matter." Marvin v. State Farm Mut. Auto. Ins. Co., 894 S.W.2d 712, 713 (Mo. Ct. App. 1995); see also Sunnen v. Comm'r, 161 F.2d 171, 175 (8th Cir. 1947), rev'd on other grounds, 333 U.S. 591 (1948). An assignment of proceeds is a contract between the assignor and assignee, which upon receipt of notice requires a debtor to pay the proceeds due only to the assignee. See, e.g., Am. Nursing Res., Inc. v. Forrest T. Jones & Co., 812 S.W.2d 790, 795 (Mo. Ct. App. 1991). The failure of a debtor to make payment to an assignee after receiving notice of the assignment gives rise to a cause of action by the assignee for wrongful payment. See Leahey v. Dugdale, 41 Mo. 517, 519 (Mo. 1867) (declaring "[p]ayments made after notice were made at [debtor's] own peril, and he cannot complain if he is compelled to pay twice."). Therefore, absent authorization or a release by Credit General, NationsBank, with actual notice of the assignment, could not lawfully pay the proceeds of CD 005 to L&S.

Payment of CD 005 was not controlled by Missouri's version of the UCC. CD 005 was a non-negotiable, non-transferable book entry certificate of deposit. No writing evidenced the right to payment of the proceeds. As such, CD 005 was a "deposit account" and was not subject to Article 9 of the UCC. <u>See</u> Mo. Rev. Stat. §§ 400.9-101 cmt. 12 & 400.9-104(a)(1) (Supp. 2001).

We flatly reject NationsBank's contention that the Missouri Adverse Claims Statute applies to this case. <u>See</u> Mo. Rev. Stat. § 362.375 (2000). Credit General was not an adverse claimant nor was it asserting an adverse claim. L&S expressly assigned this account to Credit General. Upon notice and acknowledgment of the assignment, NationsBank incurred a legal duty to pay the account proceeds only to the assignee Credit General, in whom the account was vested by the terms of the assignment. <u>See</u> <u>Am. Nursing Res.</u>, 812 S.W.2d at 795.

We further reject NationsBank's argument that the assignment was limited in its scope and duration. NationsBank contends the assignment is conditional and limited in time to the completion of construction on the Howard Johnson project. In an attempt to modify or amend the assignment, NationsBank refers us to events and other documents outside of the written assignment itself. The assignment is absolute and unambiguous on its face and clearly is not limited as NationsBank proposes. The assignment language controls.

## <u>CONCLUSION</u>

The district court properly granted summary judgment on Credit General's wrongful payment claim. Under Eighth Circuit Rule 47B, no further commentary is necessary. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.