# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

_____

No. 02-6052EM

_____

In re:                                    *
                                          *
Donald Nangle                             *
                                          *
        Debtor.                           *
                                          *
Donald Nangle                             *
                                          *
        Debtor-Appellant,                 *    Appeal from the United States
                                          *    Bankruptcy Court for the
            v.                            *    Eastern District of Missouri
                                          *
Kathy A. Surratt-States                   *
                                          *
        Trustee-Appellee                  *

_____

Submitted: January 6, 2003
Filed: January 21, 2003

_____

Before KRESSEL, Chief Judge, DREHER and FEDERMAN, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

Donald Nangle appeals from the order of the bankruptcy court[1] which approved a settlement between his trustee and his wife, Jeanne Nangle, settling a complaint to set aside two fraudulent transfers. Because we believe the bankruptcy court did not abuse its discretion, we affirm.

## BACKGROUND

On February 17, 2000, Donald Nangle filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Kathy A. Surratt-Sales was appointed trustee. On February 27, 2001, the trustee filed a complaint against the debtor[2] and his wife, seeking to avoid two fraudulent transfers and to recover the property transferred. The first transfer that the trustee sought to set aside involved the debtor's transfer to his wife of his entireties interest in the marital home. The second involved the debtor's transfer to his wife of a judgment, entered in 1996 in his favor against Freda Brockman for the sum of $107,445. The proceeding was transferred to the United States District Court for the Eastern District of Missouri.

On July 15, 2002, the trustee filed a Motion to Approve Compromise and Settlement of Adversary Proceeding, which stated that the trustee and Jeanne Nangle "settled the allegations of the complaint." The proposed settlement provides for (1) a minimum payment of $65,000 to the bankruptcy estate upon the sale of the marital home; (2) an additional 10% of the proceeds from the home if it is sold for a sum greater than $350,000, plus the amount of any unpaid real estate taxes and the real estate commission attributable to the sales price in excess of $350,000; (3) Jeanne Nangle may elect not to sell the home by paying the trustee an amount equivalent to the amount the trustee would have received upon its sale; (4) the Freda Brockman judgment will be transferred to the trustee and the proceeds from the sale of the

---

[1] The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.

[2] The debtor was a nominal defendant only. No relief was sought against him.

2

judgment or any collections on the judgment received by the trustee will be disbursed in the following order: (i) attorneys fees incurred in the collection of the debt; (ii) the trustee's commission; (iii) $20,000 for the trustee; and (iv) any excess to be divided evenly between Jeanne Nangle and the trustee; and (5) the trustee's claim against the home will be secured by a Deed of Trust. The debtor was not a party to the proposed settlement agreement.

The debtor objected to the settlement and on August 26, 2002, the bankruptcy court held a hearing on the settlement agreement and heard the debtor's objections. The bankruptcy court entered an order granting the trustee's Motion to Approve Compromise and Settlement of Adversary Proceeding based on the criteria set forth in *Lambert v. Flight Transp. Corp., FTC (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128 (8th Cir. 1984). The debtor filed a timely appeal.

## DISCUSSION

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000); *Wendover Fin. Servs. v. Hervey (In re Hervey)*, 252 B.R. 763, 765 (B.A.P. 8th Cir. 2000). The approval of a settlement is within the discretion of the bankruptcy court. *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d at 1135-1136. As such, we review a bankruptcy court's order approving a compromise or settlement for an abuse of discretion. *Id.*; *Van Horne v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).[3]

---

[3] *Van Horne* was a civil class-action suit, not a proceeding in a bankruptcy case, but the Eighth Circuit in *Van Horne*, cited *In re Flight Transportation Corporation Securities Litigation* for this proposition.

## STANDING

First, it is doubtful that the debtor has standing either to object to the settlement or to appeal the bankruptcy court's approval of the settlement.[4] Standing to bring an appeal is a jurisdictional issue which this court has a duty to raise and decide on its own. *Sioux Falls Cable Television v. State of South Dakota,* 838 F.2d 249, 251 (8th Cir. 1988); *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566 (10th Cir. 1993); *Kowal v. Malkemus (In re Thompson)*, 965 F.2d 1136, 1140 (1st Cir. 1992); *In re Popkin v. Stern,* 266 B.R. 146, 152 (B.A.P. 8th Cir. 2001). The question of standing generally challenges whether a party is the proper one to request an adjudication of a particular issue. *E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 984 (11th Cir. 1990) (citing *Flast v. Cohen*, 392 U.S. 83, 99, 1968)).

Fed.R.Bank.P. 2002 (a)(3) provides that all "parties in interest" including the debtor, trustee and creditors, normally must be given twenty days notice of the hearing on approval of a compromise or settlement by the trustee. The debtor's entitlement to notice of the hearing on the approval of settlement, does not, however, give the debtor standing to challenge the settlement or the bankruptcy court's order entered over his objection. *In re Thompson*, 965 F.2d at 1140. The Bankruptcy Code does not contain an explicit grant or limitation on appellate standing, yet many courts, including us, have looked to pre-code law to determine standing and have utilized the "person aggrieved" test. To have standing to appeal from an order of the bankruptcy court, the person aggrieved test requires that the appellant must have been directly and adversely affected pecuniarily by the order. *Dworsky v. Canal St. Ltd. P'ship (In re Canal St. Ltd. P'ship)*, 269 B.R. 375, 379 (B.A.P. 8th Cir. 2001) (citing *Williams v. Marlar (In re Marlar)*, 252 B.R. 743, 748 (B.A.P. 8th Cir. 2000)). This principle

---

[4] It is important to note that a bankruptcy trustee can settle claims without the debtor's approval. *In re New Concept Housing, Inc.*, 951 F.2d 932, 938 (8th Cir. 1991).

limits standing to persons with a financial stake in the bankruptcy court's order. *In re Marlar*, 252 B.R. at 748.

Debtors, particularly chapter 7 debtors, rarely have a pecuniary interest because how the estate's assets are disbursed by the trustee has no pecuniary effect on the debtor. *Id*. (citing *In re Shultz Mfg. Fabricating Co.*, 956 F.2d 686, 692 (7th Cir. 1992)). There is an established "exception" to that rule, which is not so much an exception as a careful application of the pecuniary interest requirement. *Id*. Occasionally, a trustee might be able to satisfy all allowed claims and have money left over. This would entitle the debtor to a distribution of the balance under 11 U.S.C. § 726(a)(6). If the debtor can show a reasonable possibility of a surplus after satisfying all debts, then the debtor has shown a pecuniary interest and has standing to object to a bankruptcy order. *In re Marlar*, 252 B.R. at 749 (citing *In the Matter of Andreuccetti*, 975 F.2d 413, 417 (7th Cir. 1992)). Whether an appellant is a person aggrieved is a question of fact. *Id*. (citing *Fidelity Bank*, *Nat'l Ass'n v. M.M. Group, Inc.*, 77 F.3d 880, 882 (6th Cir. 1996). Under this criterion, it is doubtful that the debtor in this case had any right to object to the bankruptcy court's approval of the settlement, much less a right to appeal such approval. *See Caserta v. Tobin*, 175 B.R. 773, 775 (Bankr. S.D. Fla. 1994) (holding that the chapter 7 debtor, in a case where a trustee has been appointed and where no surplus will exist to create a pecuniary interest on behalf of the debtor, lacks standing to object to his creditor's claims).

The debtor argues that the Brockman judgment has a potential worth of $173,760.12.[5] He further argues that this judgment, in combination with the sale of the marital home, would far exceed the claims of his creditors, thus allowing a surplus

---

[5] How the debtor arrived at this amount is a mystery, but it may be based on interest that has accrued on the $117,598.08 Brockman judgment originally awarded to Nangle in 1996. In the debtor's appellate brief, he refers to his Objection to Trustee's Motion to Approve Compromise and Settlement, to support this sum, yet this document is not evidence.

after all debts are satisfied. The debtor's argument, however, is simply not supported by the evidence.

First, the trustee maintains that on November 21, 2002, she received a check for $72,925.30 representing the proceeds payable to her under the Settlement Agreement from the sale of the home. A surplus generated from this sum plus any proceeds from the Brockman judgment seems impossible because pursuant to the settlement agreement, the trustee will first have to pay her commission and attorney's fees before any sums from the Brockman judgment is brought into the estate. Moreover, once the estate is paid $20,000, any further collections are split between the trustee and Jeanne Nangle. Since the priority and unsecured claims against the debtor total approximately $194,811.81, the Brockman judgment's proceeds would have to exceed the $173,760.12 estimated by the debtor, in order for a surplus to be realized. This is without even considering administrative expenses, such as attorneys fees, accountant's fees and the trustee's fees.

The debtor has argued that there is a reasonable likelihood that a surplus will exist at the time his creditors are paid, because of the likelihood that a non-dischargeable[6] claim against him and in favor of Patricia Siemer will be set aside in the Missouri State Courts by the time distribution of the Brockman judgment is made.[7] First, until the Siemer judgment is reversed, it is properly included in the analysis of whether the debtor will have a surplus after this and other debts are paid. We do not believe the debtor has shown that there is a reasonable possibility of a surplus, and therefore believe that the debtor does not have the pecuniary interest necessary to have standing to appeal the decision of the bankruptcy court.

---

[6] Whether the judgment is dischargeable or not is irrelevant to the issue of distribution by the trustee.

[7] The judgment of Siemer is still in the process of being appealed by the debtor in the Court of Appeals of the State of Missouri.

## THE MERITS

Even if the debtor had standing to object to the settlement and to appeal the approval of that settlement, we nevertheless affirm the bankruptcy court's decision.

The factors bearing on the fairness of the settlement include: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, as well as the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Flight Transp. Corp. Sec. Litig.*, 730 F.2d at 1135. The bankruptcy court stated in its approval of settlement order that the debtor's primary objection to the settlement was that the trustee's claims are without merit and subject to many substantial defenses. The bankruptcy court then found that assuming the debtor is correct in such assertions, the trustee properly settled the lawsuit rather than proceed to trial. Such findings were not clearly erroneous.

The bankruptcy court also found that pursuing the litigation would have been time consuming and expensive, and that settlement of the litigation will result in a substantial payment to creditors, payment such creditors might not otherwise have. Furthermore, the bankruptcy court noted that no creditors objected to the settlement. The bankruptcy court therefore concluded that the trustee satisfied the four part test of *In re Flight Transportation Corporation Securities Litigation* and found that the settlement was fair, reasonable and adequate. Such findings were not clearly erroneous.

On appeal the debtor argues: (1) there are two legal impediments to assigning the Brockman judgment, including a U.S. District Court stay order arising out of the Eastern District of Missouri in separate litigation, and the apparent claim in a pending bankruptcy case in the U.S. Bankruptcy Court in the District of Arizona, wherein the debtor (Arthur Muegler) had alleged a possible fee interest in the judgment; (2) the

7

collection mechanism proposed by the trustee is unreasonable, i.e. the settlement agreement does not impose a duty on the trustee to take any action on the judgment, and allows the trustee "absolute discretion" to determine if it is in the Estate's best interest to pursue transfer, sale or collection of the judgment; (3) the settlement agreement does not require the trustee to engage in bona fide collection of the Brockman judgment; (4) it is not explained how Jeanne Nangle, not a party to the bankruptcy, should or would have the right to request that the Court appoint special "collection counsel" for the trustee to pursue collection of the judgment at any time after one year from the date of execution of the settlement agreement; (5) the settlement agreement did not preclude identical litigation by creditors, such as Patricia Siemer, against the debtor in state court; (6) the bankruptcy court incorrectly utilized the settlement approval standard enunciated in *In re Flight Transportation Corporation Securities Litigation*, because, as applied by the bankruptcy court, it ignores his interest in protecting the settlement mechanism; and (7) he never consented to the settlement and objects thereto because the trustee filed a spurious lawsuit against him and Jeanne Nangle. Specifically the debtor argues that the trustee's suit regarding the transfers could have never succeeded because the statute of limitations under 11 U.S.C. §§ 548 and 544(b), as well as under R.S.Mo. Chapter 428 expired.

Regarding the alleged impediment to assignment of the Freda Brockman judgment, a close reading of the order of U.S. District Court Judge Shaw reveals that it does not prohibit the *assignment* of the judgment by the debtor or Jeanne Nangle. The order merely enjoins acts that will result in the garnishees' (Nangle included) gaining possession of any funds or property from the Registry of the District Court or from the execution sale. The order also temporarily and preliminarily enjoins and prohibits any act to alter, amend or change the status or terms of Arthur Muegler's interest in and to any of the proceeds of the judgment entered in the *Nangle v. Brockman* lawsuit. In any event, the trustee, after assignment of the judgment, steps into the shoes of the Jeanne Nangle and has no greater rights than the debtor

8

possessed before his transfer. *See Credit General Ins. Co. v. NationsBank, N.A. Midwest*, 299 F.3d 943, 944 (8th Cir. 2002) (stating that in Missouri, a validly executed assignment vests the rights and interests of the assignor in the assignee). Thus, any restrictions in the Judge Shaw order, to the extent they are still binding, would apply to the trustee.

Similarly, the Arthur Muegler Bankruptcy is not an impediment to the assignment of the Brockman judgment. Even if the Brockman judgment is an asset in that case, the trustee would have no more rights than the debtor or Jeanne Nangle for the reasons stated above. Thus, if a stay would restrict Nangle from collection of the judgement, the trustee would be burdened with that same restriction. Furthermore, if this is true, settlement of the adversary proceeding was appropriate, rather than litigating over an asset that may or may not be collectible.

Regarding the debtor's argument that the trustee should not have discretion with regard to whether she pursues collection of the Brockman judgment, the trustee argues that the language used in the Settlement agreement, regarding the "absolute discretion" of the trustee, is appropriate in light of the fact that Jeanne Nangle retains an interest in the judgment to the extent the trustee collects sufficient sums to reach the point where one half of the proceeds are paid to her. The trustee argues that the "absolute discretion" language is designed only to make it clear to Jeanne Nangle that the trustee did not assume a duty to her or a duty to act on her behalf in collecting the Brockman judgment. The trustee further argues that the discretionary language is appropriate because of the obstacles that may make collecting the Brockman judgment difficult: the Judge Shaw order, the Arthur Muegler Bankruptcy, and the fact that the Brockman judgment is over six years old and neither the debtor, Jeanne Nangle, nor the trustee has received any payments or recovery with respect to it.

First, regardless of the language used in the settlement agreement, the trustee is always bound by a duty to creditors and the estate to collect the assets of the debtor,

reduce them to money, and close the estate as quickly as possible, as set forth in section 704 of the Bankruptcy Code. *See* 11 U.S.C. § 704(1). The language of the settlement agreement is in line with this proposition. The trustee has discretion in transferring or selling estate property, and liquidating assets of the estate. So long as the trustee acts reasonably, in the best interest of creditors and the estate, and obtains fair value for property under the circumstances of the case, the trustee's choice of disposition will be respected. *See In re Merry Go Round Enterprises, Inc.*, 180 F.3d 149, 162 (4th Cir. 1999) (stating that the Chapter 7 trustee requires considerable discretion to administer the liquidation of the estate for the benefit of creditors). Finally, the Bankruptcy Code allows the trustee, after notice and hearing, to abandon assets that are burdensome to the Estate or of inconsequential value. *See* 28 U.S.C. § 554(a).

Regarding the debtor's objection to the provision which allows Jeanne Nangle to have a right to request the court to appoint a special "collection counsel" for the trustee to pursue collection of the judgment at any time after one year from the date of execution of the settlement agreement, the debtor does not argue or attempt to show how this provision adversely affects creditors or the estate.

The debtor argues that the settlement agreement does not protect the debtor from future creditor actions. Simply stated, the trustee owes no fiduciary obligation to the debtor and does not represent the debtor. *In re New Concept Housing, Inc.*, 951 F.2d 932, 938 (8th Cir. 1991) (citing *In re Bashour*, 124 B.R. 52, 54 (Bankr. N.D.Ohio1991)). The trustee in this case is under no obligation to liquidate assets for the benefit of the debtor. A trustee in bankruptcy represents the interests of the debtor's *estate* and its *creditors*, not the interests of the debtor or the debtor's principals. *Id*. Moreover, the trustee can settle claims without the debtor's approval so long as they are reasonable. *Id*.

10

The debtor argues that the bankruptcy court incorrectly utilized the settlement approval standard enunciated in *In re Flight Transportation Corp. Securities Litigation* because, as applied by the bankruptcy court, it ignores the effect of the settlement on the debtor as a matter of law. We do not agree with this assertion. As stated earlier, the trustee owes no fiduciary obligation to the debtor, and is not required to develop a settlement agreement that meets the debtor's approval, nor benefits the debtor. The bankruptcy court determined that the settlement was fair, reasonable and adequate and that the trustee satisfied *In re Flight Transportation Corporation Securities Litigation's* four part test for approval of settlement. This was not an abuse of discretion.

Finally, the debtor argues that the settlement should not have been approved because the trustee filed a spurious lawsuit against him and Jeanne Nangle. Specifically, the debtor argues that the trustee's suit regarding the transfers could have never succeeded because the statute of limitations under 11 U.S.C. §§ 548 and 544(b), as well as under R.S.Mo. Chapter 428 expired. First, Jeanne Nangle, who was represented by independent counsel, could have turned down the trustee's settlement proposal if she believed the trustee's case against her was frivolous. She did not. Ironically, the debtor's argument actually makes an argument about why the settlement was reasonable: If the trustee's case against the Nangles was weak, then settlement was the most appropriate course of action. Indeed, three out of the four criteria in *In re Flight Transportation Corporation Securities Litigation* focuses on the difficulty of the litigation and the costs to pursue that litigation.

Compromise is an art, not a science. Most of the debtor's objections go to individual items of the settlement agreement, arguing that some items could have been more favorable to him. There is no one best compromise, only a range of reasonable compromises. As long as the one before the court falls withing that range, it may be approved. The debtor's last objection seems to be that the settlement is too good. It is hard to give any credence to such an objection.

**CONCLUSION**

The order of the bankruptcy court approving the trustee's settlement is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.