# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 03-1779

_____

In re:  Donald Nangle,                          *
                                                *
                    Debtor.                     *
----------------------------------------        *
                                                *
Donald Nangle,                                  *
                                                *   Appeal from the United States
                    Appellant,                  *   Bankruptcy Appellate Panel
                                                *   for the Eighth Circuit.
          v.                                    *
                                                *        [UNPUBLISHED]
Leslie A. Davis,                                *
                                                *
                    Appellee.                   *

_____

Submitted:   December 5, 2003

Filed:   December 12, 2003

_____

Before RILEY, McMILLIAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Debtor Donald Nangle (Nangle) appeals from a bankruptcy appellate panel order concluding, alternatively, Nangle lacked standing to appeal the bankruptcy

court's[1] order approving a settlement. Upon de novo review, see Park v. Forest Serv., 205 F.3d 1034, 1036 (8th Cir. 2000), we conclude that while Nangle had standing to object in the bankruptcy court to the settlement agreement, see Fed. R. Bankr. P. 2002(a)(3); In re Thompson, 965 F.2d 1136, 1140 (1st Cir. 1992), he lacked standing to appeal the bankruptcy court's order approving the settlement, because he could not show he has a pecuniary interest in the order, see In re Marlar, 252 B.R. 743, 748 (B.A.P. 8th Cir. 2000) (party ordinarily has no standing to appeal unless party can show basis for arguing that challenged action caused him cognizable injury, i.e., party was aggrieved by order) aff'd, 267 F.3d 749 (8th Cir. 2001); Spenlinhauer v. O'Donnell, 261 F.3d 113, 117-19 (1st Cir. 2001) (standing to appeal from bankruptcy court order requires showing that challenged order directly and adversely affects appellant's pecuniary interests).

Accordingly, we affirm.

_____

[1]The Honorable Barry S. Schermer, United States Bankruptcy Judge for the Eastern District of Missouri.