# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

_____

No. 03-6047

_____

In re:                                          *
                                                *
PATRIOT COMPANY,                                *
                                                *
                    Debtor.                     *
                                                *    Appeal from the United States
DUANE YATES,                                    *    Bankruptcy Court for the Northern
                                                *    District of Iowa, Western Division
    Interested Party - Appellant,               *
                                                *
            v.                                  *
                                                *
WIL L. FORKER,                                  *
                                                *
        Trustee - Appellee,                     *
                                                *
SIOUXLAND NATIONAL BANK,                        *
                                                *
        Creditor - Appellee,                    *
                                                *
DONALD H. MOLSTAD,                              *
                                                *
    Interested Party -Appellee.                 *

_____

Submitted:   December 31, 2003
     Filed:  January 16, 2004

_____

Before, DREHER, FEDERMAN, and VENTERS, Bankruptcy Judges.

_____

FEDERMAN, Bankruptcy Judge.

_____

Duane Yates, the principal shareholder of debtor Patriot Company, appeals an order of the Bankruptcy Court,[1] denying Yates' motion to reconsider the court's order denying his motion to vacate approval of a compromise of the estate's claim against Siouxland National Bank ("SNB") and the court's order denying his request for a new trial. That same order also denied Yates' request to reconsider a prior order that denied Yates' request for removal of the Chapter 7 trustee.[2] We affirm.

## FACTUAL BACKGROUND

On August 21, 2001, Patriot Company filed a Chapter 11 bankruptcy proceeding. Duane Yates, as the sole shareholder of Patriot Company, authorized the filing and signed the Chapter 11 petition and schedules. Yates designated a post office box as Patriot Company's mailing address, and he granted a power of attorney to an individual in order for her to receive mail at that address. At the time of this appeal, Yates was incarcerated at the Iowa Penitentiary.

On November 8, 2001, the court granted SNB's motion for relief from the automatic stay. The order granting relief related to two properties in Dakota County, Nebraska, that had been purchased by SNB at a Trustee's sale to enforce rights claimed by it as a secured creditor. In opposing the motion, Patriot Company had claimed that notices of default served by SNB had been defective. The Bankruptcy Court held that, under Nebraska law, Patriot Company had the right to raise this defense in state court. Subsequently, Patriot Company did file a case in the Dakota County, Nebraska state court (the "Nebraska Litigation") challenging the notices of default and seeking damages based on the allegedly wrongful Trustee's sale.

---

[1]The Honorable William L. Edmonds, United States Bankruptcy Judge for the Northern District of Iowa.

[2]The same order also denied, as moot, Yates' motion to reinstate appellee Donald H. Molstad as bankruptcy counsel to Patriot Company. Yates had erroneously believed that Molstad had withdrawn.

On September 5, 2002, the bankruptcy court converted this case to one under Chapter 7, and appointed appellee Wil Forker as the Chapter 7 trustee. Upon conversion, the trustee succeeded to Patriot Company's interest in the Nebraska Litigation. Eventually, the trustee and SNB agreed to the terms of a proposed settlement, which was set forth in the trustee's Notice of Motion of Compromise of a Settlement of Controversy, filed with the court on April 2, 2003. The material terms of the settlement are as follows:

> 1. SNB is to pay the trustee $23,400.00, and to also assign the claim it held for insurance proceeds from damage to the foreclosed property; and

> 2. SNB waives its administrative unsecured debt claim in the Patriot Company bankruptcy proceeding; and

> 3. SNB is to dismiss its counterclaim in the Nebraska state court litigation; and

> 4. The Nebraska litigation would be dismissed with prejudice; and

> 5. The trustee agrees to a lifting of the automatic stay to allow foreclosure of the Deed of Trust held by SNB as to one of the debtor's properties in the state of Iowa.

On May 22, 2003, the court granted the trustee's motion for compromise, without objection. On June 2, 2003, Yates filed a document entitled "Motion to Set Aside Compromise." A hearing on that motion was held on June 24, 2003. At that hearing, Yates made an oral motion to remove the Chapter 7 trustee. At the conclusion of the hearing, the court denied Yates' motion to set aside the compromise and the oral motion to remove the Chapter 7 trustee. Thereafter, Yates moved the court to reconsider its actions. On July 1, 2003, the court denied the motion to reconsider, and this appeal followed.

STANDARD OF REVIEW

We review the denial of a motion to alter or amend for abuse of discretion.[3] An abuse of discretion will only be found if the court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions.[4]

DISCUSSION

We first consider Yates' appeal of the order denying his motion to reconsider the order denying his request for removal of the Chapter 7 trustee. The Bankruptcy Code permits the removal of a trustee only for cause, after notice and a hearing:

(a)    The court, after notice and a hearing, may remove a trustee, other than the United States trustee, or an examiner, for cause.[5]

Yates cited two grounds for removal in his original motion. He first claimed that the trustee had a conflict of interest because he had represented debtors who had discharged debts due and owing to Patriot Company for rental obligations. At the June 24, 2003, hearing on the motion to remove the trustee, Yates offered no evidence. Instead, in his argument he simply identified certain customers of Patriot who had been represented by the trustee in their own Chapter 7 proceedings. As to each case cited by Yates, the court found no conflict of interest because the court had

---

[3]*Amtech Lighting Serv. Co. v. Payless Cashways, Inc. (In re Payless Cashways, Inc.),* 230 B.R. 120, 128 ( B.A.P. 8th Cir. 1999), *affirmed, 203 F.3d 1081 (8th Cir. 2000) .*

[4] *Barger v. Hayes County Non-Stock Co-op (In re Barger),* 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998) (citing *Mathenia v. Delo,* 99 F.3d 1476, 1480 (8th Cir. 1996), *cert. denied,* Mathenia v. Bowersox, 521 U.S. 1123, 117 S. Ct. 2518 , 138 L. Ed. 2d 1020 (1997).

[5]11 U.S.C. § 324.

4

entered the discharge order and closed the case before Forker was appointed as trustee for Patriot Company.

Yates next claimed that the trustee was not competently performing his duties as a fiduciary for the estate and its creditors because he entered into the proposed settlement with SNB, and because he did not mail copies of notices to Yates. We, therefore, turn to the court's order denying the motion to reconsider the order denying Yates' motion to vacate approval of that settlement. Donald Molstad, the attorney who represented Patriot Company, prepared Patriot Company's original bankruptcy schedules, and Yates, as the sole shareholder of Patriot Company, signed the schedules. Those Schedules did not list Yates as a creditor in the case. Nor did the mailing matrix filed with the original bankruptcy case list Yates as a person entitled to receive notice. As required, the mailing matrix did list Patriot Company as a person entitled to receive notice at a post office box mailing address. The court found that, as of June 24, 2003, Yates had not filed a claim in the bankruptcy case, and had taken no steps to have his name added to the mailing matrix. As a consequence, when the original notice for approval of the settlement was mailed to creditors, a copy was mailed to Patriot Company at the post office address listed, but no copy was sent to Yates at the Iowa Penitentiary, where he was then a resident. Yates represented at the hearing that his mail at the post office box was routinely received by a person who had his power of attorney while he was in prison. Therefore, the mailing of notices to the post office box was good service to the debtor. Nevertheless, Yates contends that the court violated his due process rights when it entered the order approving the compromise without notice to him personally. He further contends that the trustee failed to properly perform his duties by not mailing him copies of notices in the case.

Yates' argument as to his alleged failure to receive notice of the motion to compromise raises the issue of whether he had standing to object to the settlement or to appeal an order approving such settlement. The question of standing generally challenges whether a party is the proper one to request an adjudication of a particular

5

issue.[6] Rule 2002(a)(3) of the Federal Rules of Bankruptcy Procedure provides that all "parties in interest," including the debtor, trustee, and creditors, normally must be given 20 days notice of the hearing on approval of a compromise or settlement by the trustee.[7] We previously held that in order to have standing to appeal from an order of the bankruptcy court, the appellant must have been aggrieved.[8] A person is aggrieved if he is "directly and adversely affected pecuniarily by the order."[9] This principle limits standing to persons with a financial stake in the bankruptcy court's order.[10] Here, Patriot Company received proper notice of the motion to compromise. Yates contends that he personally did not receive notice, but he was not listed as a creditor in the schedules or the matrix and had not, as of the date of the notice, filed a proof of claim in the bankruptcy case. His only pecuniary interest in the case was as a stockholder of Patriot Company. In order to have standing as a stockholder, he was required at the hearing to establish a real possibility that a successful objection to the motion to compromise would have resulted in a surplus.[11] Since he did not do so, we conclude he did not have standing to either object to the compromise or to file this appeal.

While not necessary, we nevertheless turn to the merits of the appeal as to the settlement.

---

[6]*Nangle v. Surratt-States (In re Nangle),* 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003).

[7]Fed. R. Bankr. P. 2002(a)(3).

[8]*Nangle*, 288 B.R. at 216.

[9]*Id.*

[10]*Williams v. Marlar (In re Marlar),* 252 B.R. 743, 748 (8th Cir. BAP 2000).

[11]*New Concept Housing, Inc. v. Poindexter (In re New Concept Housing, Inc.),* 951 F.2d 932, 937-8, n. 7 (8th Cir. 1991).

In this Circuit, the factors bearing on the fairness of a settlement include:

1. The probability of success in the litigation;
2. The difficulties, if any, to be encountered in the matter of collection;
3.The complexity of the litigation involved, as well as the expense, inconvenience, and delay necessarily attending it;
4. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.[12]

Upon motion of the trustee, the court should approve the proposed compromise unless it falls "below the lowest point in the range of reasonableness."[13] An order approving a motion to compromise is only reversible if the court committed plain error or abused its discretion.[14]

SNB argues that the merits of the settlement itself are not before the Court since no one ever filed a timely objection to the motion for approval of the settlement, and no one ever appealed the decision to approve it. All that is presented, SNB argues, is the question of whether it was error for the bankruptcy court to refuse to reconsider its prior rulings. That may well be so, but for the foregoing reasons, we hold that approval of the settlement in the first instance was not an abuse of discretion.[15]

The attorney who had been retained by Patriot Company to represent it in the Nebraska Litigation, and who was subsequently retained by the trustee to continue

---

[12]*Drexel Burnham Lambert v. Flight Transportation Corp. ( In re Flight Transp. Corp. Securities Litigation,* 730 F.2d 1128, 1135 (8th Cir. 1984), *cert. denied, Reavis & McGrath v. Antinore*, 469 U.S. 1207, 105 S. Ct. 1169, 84 L. Ed. 2d 320 (1985).

[13]*Cosoff v. Rodman (In re W.T. Grant Co.),* 699 F.2d 599, 608 (2nd Cir.), *cert. denied*, 464 U.S. 822, 104 S. Ct. 89, 78 L. Ed. 2d 97 (1983).

[14]*New Concept Housing, Inc.,* 951 F.2d at 939.

[15]*Id.*

to prosecute that case, stated at the hearing on June 24, 2003, that he approved of the settlement for several reasons. He stated that the damages recoverable by Patriot Company would have been in the nature of lost profits, but that Patriot Company had a history of losses, not profits. He further stated that the maximum amount of damages that could have been recoverable would have been in the range of $74,000.00 to $75,000.00, provided that a representative of Patriot Company could have convinced a jury that the properties involved would have been continually rented at full capacity. Furthermore, he stated that a significant basis for Patriot Company's damages claim would have been loss of rents, but that such rents had already been ordered by the Court to be turned over to SNB as adequate protection in the Chapter 11 case. He also stated that this was not a case of clear liability, but that the issue was an unsettled one under Nebraska law. Finally, the attorney expressed his concern about Yates' credibility, in view of his incarceration.

Yates spoke at length about his perception of the merits of the Nebraska Litigation, but he did not rebut the problems with the case as pointed out by the trustee's attorney. The Bankruptcy Court found that, given the possibility of no recovery at all, a settlement that guaranteed the trustee recovery of at least $23,400.00 was within the range of reasonableness, and should be approved. That finding was not clearly erroneous or an abuse of discretion.

In sum, we hold that the court did not abuse its discretion in denying the motion to reconsider its approval of the proposed settlement. We further hold that the Court did not abuse its discretion in denying the motion to reconsider its order denying the motion to remove the Chapter 7 trustee.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
EIGHTH CIRCUIT

8