# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6098NI
No. 04-6007NI

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Patriot Company, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Duane Yates, | * | |
| | * | |
| Creditor-Appellant, | * | Appeals from the United States |
| | * | Bankruptcy Court for the Northern |
| v. | * | District of Iowa |
| | * | |
| Wil L. Forker, | * | |
| | * | |
| Trustee-Appellee. | * | |

_____

Submitted: June 16, 2004
Filed: June 24, 2004

_____

Before KRESSEL, Chief Judge, SCHERMER and MAHONEY, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

Yates appeals from two orders of the bankruptcy court.[1] The first order denied Yates' motion to "reconsider" its approval of the trustee's employment of an attorney. The second order approved the trustee's proposal to compromise certain claims. We dismiss both appeals.

BACKGROUND

Yates was the President and former shareholder of the Patriot Company. On August 21, 2001, Patriot filed a Chapter 11 bankruptcy petition. Yates, as the sole shareholder of Patriot, authorized the filing and signed the Chapter 11 petition and schedules. On September 5, 2002, the bankruptcy court converted the case to Chapter 7, and Forker was appointed the Chapter 7 trustee . On July 3, 2003, nearly six months after the claims deadline of January 22, 2003, Yates filed a claim against Patriot for $72,000. Yates claims that Patriot owes him debts for his services as an employee and for loans he made to Patriot. Yates, however, did not list himself as a creditor on the Chapter 11 schedules.

On April 2, 2003, the trustee and Siouxland National Bank filed a Notice of Motion and Compromise. The material terms of the proposed compromise are:

> 1. The bank is to pay the trustee $23,400 and to assign the claim it held for insurance proceeds from damage to the foreclosed property;
> 2. The bank waives its administrative unsecured debt claim in the Patriot Company bankruptcy proceeding;
> 3. The bank is to dismiss its counterclaim in the Nebraska state court litigation;
> 4. The Nebraska litigation would be dismissed with prejudice; and

---

[1] The Honorable William L. Edmonds, United States Bankruptcy Judge for the Northern District of Iowa.

5. The trustee agrees to a lifting of the automatic stay to allow foreclosure of the Deed of Trust held by the bank as to one of the debtor's properties in the state of Iowa.

On May 22, 2003, the bankruptcy court granted the trustee's motion to compromise, without objection. On June 2, 2003, Yates filed documents entitled "Motion to Set Aside Compromise" and "Motion to Remove Trustee and Appoint a New Trustee." On June 24, 2003, a hearing on the motions was held. At that hearing, Yates made an oral motion to remove the Chapter 7 trustee due to an alleged conflict of interest. At the conclusion of the hearing, the court denied Yates' motion to set aside the compromise and the oral motion to remove the trustee. Thereafter, Yates moved the court to reconsider its actions. On July 1, 2003, the court denied the motion to reconsider and Yates filed an appeal. On January 16, 2004, we affirmed the bankruptcy court's order approving the settlement and held: (1) the approval of the settlement was not an abuse of discretion; (2) Yates lacked standing either to object to the compromise or to file an appeal challenging the approval of the compromise; (3) there was no conflict of interest warranting the trustee's removal. *See Yates v. Forker* (*In re Patriot Co.*), 303 B.R. 811 (B.A.P. 8th Cir. 2004).

On September 10, 2003, the trustee filed a motion proposing to compromise his claims against State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company.[2] Patriot filed the claims against State Farm because

---

[2] Four claims were filed by Patriot with its casualty and automobile insurance carrier, State Farm. The first claim was made in the amount of $50,000 against State Farm for the loss of various items of personal property, including tools, a tractor, mowers and tractor attachments. The second claim was filed by Patriot against State Farm in the amount of $6,800 for the loss of a 1997 homemade trailer. The third claim was filed against State Farm in the amount of $38,000 for the loss of a 1999 Chevrolet pickup truck and its contents. The fourth claim was filed against State Farm for the loss of a flatbed trailer. There was no specified value listed for the trailer, but the apparent value was $6,000. The claims against State Farm for the alleged losses under the policies totaled $100,800.

of the seizure of Patriot's personal property by Siouxland National Bank. Yates argues that the bank had no legal right to seize the property and because the seizures amounted to thefts, they are therefore compensable under Patriot's insurance policies. Yates was the sole objector to the trustee's motion. Although Yates describes himself as a stockholder in his objection to the motion of compromise, earlier he claimed that all of his stock in Patriot reverted to his fifteen year old daughter when criminal charges were filed against him.

On October 15, 2003, a telephonic hearing on the trustee's motion was held. Duane Yates appeared on his own behalf and stated the objection for himself and his minor daughter. State Farm offered to settle Patriot's claims for $4,000 and an assignment of any claim State Farm may have had against Siouxland National Bank as a result of payment on the claims.

On November 20, 2003, Wil L. Forker applied to hire himself as an attorney for the trustee in the defense of appeals. The U.S. Trustee recommended that the retention of Forker as attorney be approved. On November 25, 2003, the bankruptcy court approved Forker's employment.

On December 8, 2003, Yates made a motion requesting that the bankruptcy court rescind its order approving Forker's employment. Yates complained that Forker, as trustee, was not serving him with notices at the prison in Iowa where he is incarcerated. On December 9, 2003, the bankruptcy court denied Yates' motion. On December 19, 2003, Yates filed a notice of appeal appealing the court's denial of his December 8, 2003 motion.

In an order dated January 21, 2004, the bankruptcy court granted the trustee's motion to compromise the estate's claims against State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company. The court stated in the order that it was not likely that Patriot would recover from State Farm on its

claim that the seizure of personalty by Siouxland National Bank constituted theft. Moreover, the court stated that Yates failed to demonstrate that Patriot stockholders, or the holders of late-filed claims, would benefit from a successful objection to the settlement. Yates appealed from the bankruptcy court's order approving the settlement between the trustee and State Farm.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact, whether based upon oral or documentary evidence, for clear error, and its legal conclusions are reviewed *de novo*. Fed. R. Bankr. P. 8013; *First Nat'l Bank of Olathe v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997).

## THE EMPLOYMENT APPEAL

Although Yates appealed the denial of his motion requesting the bankruptcy court to reconsider its approval of the trustee's attorney, he does not discuss this issue on appeal. A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue. *Jasperson v. Purolator Courier Co rp.*, 765 F.2d 736, 740 (8th Cir. 1985). We therefore dismiss this appeal.

## THE COMPROMISE APPEAL

The question of standing generally challenges whether a party is the proper one to request an adjudication of a particular issue. *In re Patriot Co.,* 303 B.R. at 815. Standing is an element of federal subject matter jurisdiction which cannot be waived and may be raised at any time by a party or by the court. *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998). Fed. R. Bank. P. 2002(a)(3) provides that "all parties in interest" including the debtor, trustee and creditors, normally must be given twenty days notice of the hearing on approval of a compromise or settlement by the trustee. The Bankruptcy Code does not contain an explicit grant or limitation on appellate standing, yet we, like many other court, have looked to pre-code law to determine standing and have utilized the "person aggrieved" test. To have standing to appeal

from an order of the bankruptcy court, the person aggrieved test requires that the appellant show a basis for arguing that the challenged action caused him cognizable injury, i.e., that the party was aggrieved by the order. *Nangle v. Surratt-States* (*In re Nangle*), 83 Fed.App. 141 (8th Cir. 2003). A person is aggrieved if he is directly and adversely affected pecuniarily by the order. *Id*. This principle limits standing to persons with a financial stake in the bankruptcy court's order. *In re Patriot Co.*, 303 B.R. at 815 (citing *Williams v. Marlar* (*In re Marlar*), 252 B.R. 743, 748 (B.A.P. 8th Cir. 2000)). If a party can show a reasonable possibility of a surplus after satisfying all priority and general unsecured claims, then that party has shown a pecuniary interest and has standing to appeal. *In re Nangle*, 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003) *aff'd by* 83 Fed.App. 141 (8th Cir. 2003).

In order for Yates to have standing as a stockholder, he was required to establish at the hearing that a successful objection to the motion to compromise would have resulted in a surplus. *In re Patriot Co.*, 303 B.R. at 815 (citing *New Concept Housing, Inc. v. Poindexter* (*In re New Concept Housing, Inc*.), 951 F.2d 932-8, n.7 (8th Cir. 1991)). Yates failed to do so. Thus, we concluded in *In re Patriot* that he did not have standing to file that appeal.

Yates attempted to rectify his lack of standing as a stockholder by filing a claim against Patriot, but his proof of claim was filed six months after the claims deadline. As a tardily filed claim, Yates' claim would still be paid after all priority claims and timely filed general unsecured claims. 11 U.S.C. § 726(a)(3). Even assuming that Yates' claim is allowable, he still lacks standing because he has not shown a reasonable possibility of a surplus after satisfying all priority and general unsecured claims. Since Yates has no standing to appeal, we do not have jurisdiction to decide any issues raised on appeal, *Starr v. Mandanici*, 152 F.3d 741, 747 (8th Cir. 1998) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (stating without jurisdiction, the court cannot proceed at all in any cause)), and dismiss it.

## CONCLUSION

Since the appellant has abandoned his appeal in case #03-6098 and has no standing to appeal in case #04-6007, we dismiss both appeals.

---