# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

———————

No. 07-6051 SI

———————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Robert D. Klages, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Habbo Fokkena, U.S. Trustee, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Plaintiff - Appellee, | * | Southern District of Iowa |
| | * | |
| v. | * | |
| | * | |
| Robert D. Klages, | * | |
| | * | |
| Defendant - Appellant. | * | |

———————

Submitted: January 29, 2008
Filed: January 31, 2008

———————

Before SCHERMER, MAHONEY and MCDONALD, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Robert D. Klages ("Debtor") appeals the bankruptcy court's[1] judgment revoking his discharge for knowingly and fraudulently failing to turn over a tax refund to the Trustee of his Chapter 7 bankruptcy estate. We have jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue before this court is whether the bankruptcy court erred when it concluded that the Debtor's failure to turn over his tax refund to the Trustee of his Chapter 7 bankruptcy estate was done knowingly and fraudulently. We conclude that the bankruptcy court did not err when it determined that the Debtor's failure to turn over the tax refund was done knowingly and fraudulently. Accordingly, we affirm the revocation of the Debtor's discharge.

## BACKGROUND

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 10, 2005. The Debtor attended the meeting of creditors pursuant to Section 341 of the Bankruptcy Code on November 15, 2005. At the meeting, Thomas L. Flynn, the Trustee of the Debtor's Chapter 7 bankruptcy estate ("Trustee"), advised the Debtor not to spend any tax refund without first contacting the Trustee's office. The Trustee further advised the Debtor not to spend any tax refund without first contacting the Trustee's office even after receipt of a notice of discharge from the bankruptcy court. The Trustee gave the Debtor a written handout that contained the following admonition:

---

[1] The Honorable William L. Edmonds, Chief United States Bankruptcy Judge for the Northern District of Iowa.

**WARNING: Do <u>not</u> spend <u>any</u> of your tax refunds until you have received approval from my office, even it you have received notice from the Bankruptcy Court that a bankruptcy discharge has been entered. The bankruptcy discharge does not close your bankruptcy case or eliminate your need to turn over non-exempt assets. If it is determined that you owe non-exempt monies to your bankrupt estate, those funds need to be turned over <u>immediately, in full</u> (no payment plans will be accepted), upon notice from my office. Failure to comply with the terms of this letter or to cooperate with me in the administration of your bankruptcy estate may constitute cause to revoke your bankruptcy discharge. You will receive only one notice from my office of non-exempt monies due your bankruptcy estate and upon non-compliance, I will seek to revoke your bankruptcy discharge.**

At the end of the meeting of creditors, the Trustee also requested the Debtor to send the Trustee a copy of his federal and state tax returns when he filed them.

The Debtor received a discharge on January 18, 2006. In February of 2006, the Debtor filed federal and state tax returns for calendar year 2005. The Debtor received a federal refund in the amount of $3,445 and a state refund in the amount of $65. The Debtor spent the tax refunds on living expenses.

On June 5, 2006, the Trustee filed a motion seeking the examination of the Debtor pursuant to Bankruptcy Rule 2004 ("First 2004 Motion"). In the First 2004 Motion, the Trustee requested the Debtor to attend an examination and to bring a copy of his 2005 federal and state tax returns to such examination. The Debtor provided the Trustee with a copy of his 2005 federal and state tax returns but did not appear for examination.

On June 21, 2006, the Trustee made demand upon the Debtor to turn over $1,556.11 of the tax refunds as the portion belonging to the Debtor's bankruptcy estate. The Debtor failed to do so. On July 31, 2006, the Trustee filed a second

3

motion seeking the examination of the Debtor pursuant to Bankruptcy Rule 2004 ("Second 2004 Motion"). In the Second 2004 Motion, the Trustee requested the Debtor to attend an examination and to bring $1,556.11 to the examination. The Debtor failed to attend or to pay any amount to the Trustee.

The United States Trustee filed a complaint seeking the revocation of the Debtor's discharge for, *inter alia*, knowingly and fraudulently failing to deliver the non-exempt tax refund to the Trustee. At the trial the Debtor acknowledged receiving an oral warning from the Trustee at the meeting of creditors not to spend any tax refund without first contacting the Trustee's office. The Debtor also acknowledged receipt of the written handout but stated that he did not read it. The Debtor testified that he understood the warning to mean that he should not spend any refund without further notice from the court. The Debtor also acknowledged the Trustee's request that the Debtor provide the Trustee with a copy of his tax returns when prepared.

The Debtor testified that when he received the notice of his discharge he believed that he did not owe anybody any money and that the Trustee was no longer interested in his tax refund. The bankruptcy court found that the Debtor's testimony that he believed he could spend the refunds was not credible in light of the warnings to the contrary that he had received. The bankruptcy court found that the Debtor knowingly spent the money with the intent to defraud the Trustee and the bankruptcy estate. Accordingly, the bankruptcy court revoked the Debtor's discharge pursuant to Section 727(d)(2) of the Bankruptcy Code. The Debtor appealed the revocation of his discharge.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. *Richardson v. Sugg*, 448 F.3d 1046, 1052 (8th Cir. 2006); *Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558,

561 (8th Cir. 1997); *Miller v. Kadsen (In re Kadsen)*, 209 B.R. 239, 241 (B.A.P. 8th Cir. 1997). We will overturn a factual finding only if it is not supported by substantial evidence in the record, if it is based on an erroneous view of the law, or if we are left with the definite and firm conviction than an error was made. *Richardson v. Sugg*, 448 F.3d at 1052. We afford due regard to the bankruptcy court's judgment of the credibility of the witness. Fed.R. Bankr. P. 8013; *Richardson v. Suggs*, 448 F.3d at 1052; *In re Kadsen*, 209 B.R. at 241. A factual finding supported by substantial evidence is not clearly erroneous. *Richardson v. Sugg*, 448 F.3d at 1052. Likewise, a trial court's choice between two permissible views of the evidence is not clearly erroneous. *Id.*

## DISCUSSION

The discharge of a Chapter 7 debtor shall be revoked if the debtor acquired property that is property of the estate and knowingly and fraudulently failed to report the acquisition of such property or to deliver such property to the trustee. 11 U.S.C. § 727(d)(2). The parties do not dispute that the non-exempt tax refund of $1,556.11 is property of the Debtor's bankruptcy estate; nor do they dispute that the Debtor failed to deliver such property to the Trustee. The sole issue in dispute is whether the Debtor knowingly and fraudulently failed to turn over the non-exempt tax refund. The Debtor asserts that his failure to turn over the non-exempt tax refund was the result of mistake but that his actions do not rise to the level of fraud. The United States Trustee agrees with the bankruptcy court's conclusion that the Debtor's actions in failing to deliver the non-exempt tax refund after express instructions to do so from the Trustee amount to fraud.

A discharge will be revoked only if the debtor's failure to deliver property of the estate is done both knowingly and fraudulently. The Debtor admitted that he received the Trustee's oral warning at the meeting of creditors not to spend any tax refund without first contacting the Trustee even if the Debtor received an order of

5

discharge. The Debtor also admitted receiving the written warning to that effect. The Debtor acknowledged the Trustee's request for a copy of his tax returns when prepared. The Debtor clearly knew he had a duty to provide a copy of his tax returns to the Trustee and that he may have a duty to deliver tax refunds to the Trustee. The Debtor's failure to do so was thus done knowingly.

In order to support revocation of the discharge, the Debtor's failure to deliver the non-exempt tax refund must also have been done fraudulently. Fraudulent intent may be established by showing that the debtor knowingly made an omission that misleads the trustee or that the debtor engaged in a fraudulent course of conduct. *In re Kasden*, 209 B.R. at 244. A debtor's intent may be inferred from all the surrounding circumstances where the debtor's pattern of conduct supports a finding of fraudulent intent. *Id*. The focus is on whether the debtor's actions appear so inconsistent with his self-serving statement of intent that the proof leads the court to disbelieve the debtor. *Id*. Fraudulent intent may also be established by showing that the debtor acted so recklessly that fraud can be implied. *Id*. at 244-45.

Fraud is rarely established by admission. Instead, the trial court must look at the circumstantial evidence and the events that occurred to try to determine intent. *In re Kadsen*, 209 B.R. at 245. Here the trial court looked at the circumstances and determined that the Debtor knew he had a duty to turn over copies of his tax returns to the Trustee and that he knew that he should not spend any tax refund without first contacting the Trustee's office. The court determined that the Debtor knew his obligations regarding the tax returns and tax refunds continued even if he received a discharge. The Trustee told the Debtor this and gave him a written admonition to this effect. The Debtor's assertion that he did not read the handout is irrelevant. A debtor cannot ignore information given to him and then claim ignorance. Such behavior is so reckless that fraud can be implied. *Id*.

The bankruptcy court determined that the Debtor's explanation that he thought he could spend the tax refund because of his discharge was not credible. The bankruptcy court made this determination after carefully observing the Debtor's demeanor while he testified. We afford due deference to the bankruptcy court's determination regarding credibility and find nothing in the record to reverse that determination. Fed.R. Bankr. P. 8013; *Richardson v. Suggs*, 448 F.3d at 1052; *In re Kadsen*, 209 B.R. at 241. The bankruptcy court's factual findings are supported by the evidence. *Richardson v. Sugg*, 448 F.3d at 1052. The bankruptcy court correctly applied the law. *Richardson v. Sugg*, 448 F.3d at 1052. Accordingly, we affirm.

## CONCLUSION

The bankruptcy court found that the Debtor knowingly and fraudulently failed to deliver his non-exempt tax refund to the Trustee. Based on these findings, the court revoked the Debtor's discharge pursuant to Section 727(d)(2) of the Bankruptcy Code. The evidence supports the bankruptcy court's findings of fact and conclusions of law. Accordingly we affirm the bankruptcy court's judgment revoking the Debtor's discharge.

———————————————