# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2964

_____

Coleen L. Powers,                           *
                                            *
            Appellant,                      *
                                            *
    v.                                      *
                                            *
Mesaba Aviation, Inc., doing                *
business as Mesaba Airlines,                *
                                            *
            Appellee.                       *

_____                     Appeals from the United States
                                District Court for the
No. 07-3320                     District of Minnesota.

_____

Coleen L. Powers,                           *
                                            *   [UNPUBLISHED]
            Appellant,                      *
                                            *
    v.                                      *
                                            *
Ravich Meyer Kirkman McGrath                *
& Nauman, P.A.; DLA Piper Rudnick           *
Gray Cary US, LLC,                          *
                                            *
            Appellees.                      *

_____

Submitted: June 25, 2009
Filed: July 7, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

These are consolidated appeals from the same bankruptcy proceeding. In No. 07-2964, Coleen Powers appeals the district court's[1] orders (1) requiring her to comply with Federal Rule of Civil Procedure 5; (2) dismissing as untimely her appeal of two bankruptcy court[2] orders; and (3) denying reconsideration of the dismissal of her appeal. In No. 07-3320, she appeals the Bankruptcy Appellate Panel's (BAP's) orders (1) dismissing her appeal of other bankruptcy court orders for lack of standing; and (2) denying reconsideration. We affirm in all respects.

In No. 07-2964, we agree with the district court that Powers's notices of appeal of the two bankruptcy court orders were filed more than 10 days after entry of judgment and were therefore untimely, for the reasons explained by the district court. See Fed. R. Bankr. P. 8002(a) (10-day appeal time); Saunders v. Band Plus Mortgage Corp. (In re Saunders), 31 F.3d 767, 767 (9th Cir. 1994) (per curiam) (de novo review). We also find no error in the district court's orders requiring her to comply with Rule 5 and no abuse of discretion in the denial of her motion for reconsideration.

In No. 07-3320, we agree with the BAP that Powers lacked standing to appeal the bankruptcy court orders, because her only claim in the matter had been resolved adversely to her. See Spenlinhauer v. O'Donnell, 261 F.3d 113, 117-19 (1st Cir. 2001) (standing to appeal bankruptcy court order is accorded only to aggrieved person, which is narrower than Article III standing and requires showing that

_____

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

[2]The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

challenged order directly and adversely affects appellant's pecuniary interests); <u>Park v. Forest Serv. of the U.S.</u>, 205 F.3d 1034, 1036 (8th Cir. 2000) (standing is reviewed de novo).  Further, the BAP did not abuse its discretion in denying reconsideration.

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.  Powers's pending motion is denied.

_____