# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

---

No. 08-6038

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Mesaba Aviation, Inc., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Coleen L. Powers, | * | Appeal from the |
| | * | United States |
| | * | Bankruptcy Court for the |
| Appellant, | * | District of Minnesota |
| | * | |
| v. | * | |
| | * | |
| Odyssey Capital Group, LLC, | * | |
| | * | |
| Appellee. | * | |

---

Submitted:  October 16, 2009
Filed:  November 16, 2009

---

Before SCHERMER, VENTERS and SALADINO, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Coleen L. Powers ("Powers") appeals three orders entered by the bankruptcy court.[1]  The first two orders, entered on September 12, 2008, closed Mesaba Aviation, Inc.'s (the "Debtor")[2] chapter 11 bankruptcy case (the "Closing Order") and overruled Powers' objection to the case closing (the "Overruling Order" and together with the Closing Order, the "Case Closing Orders").  The third order that Powers appeals was entered on May 1, 2009 (the "Final Order").  The Final Order denied Powers' requests that the bankruptcy court: (1)  reconsider the Case Closing Orders; (2) allow Powers to proceed *in forma pauperis* ("IFP") for this appeal; and (3) seal Powers' IFP application or reconsider its previous order denying her request for IFP status.  We also consider Powers' requests for appointment of counsel and oral argument in this appeal.  We have jurisdiction over this appeal from the final orders of the bankruptcy court. *See* 28 U.S.C. § 158(b).  We also have jurisdiction to consider Powers' requests for appointment of counsel and oral argument.  For the reasons set forth below, we affirm the decisions of the bankruptcy court and we deny Powers' request for appointment of counsel and for oral argument.

## ISSUES

Powers' principal brief lists 35 issues that she alleges are on appeal, including some that have already been decided by the Eighth Circuit and others that were never raised before the bankruptcy court.  We understand the issues that are properly on appeal to include whether the bankruptcy court erred when it: (1) closed the Debtor's bankruptcy case and declined to reconsider that decision; (2) denied Powers' request to proceed IFP for this appeal; and (3) refused to seal Powers' IFP application and did not afford Powers relief from its prior order denying her request to seal.  We conclude

---

[1]  The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

[2]  The named appellee is Odyssey Capital Group, LLC.  Under the Debtor's Modified Plan of Reorganization, Odyssey Capital Group, LLC was appointed as trustee of the Mesaba Liquidation Trust.

that Powers lacks standing to challenge the closing of the Debtor's bankruptcy case and, accordingly, that the bankruptcy court properly denied her request for relief from the Case Closing Orders. In addition, Powers' requests to appear IFP and to seal her IFP application are moot. The bankruptcy court properly denied Powers' request to seal her IFP application because she failed to demonstrate how the information in her application was scandalous or defamatory. Because we are not permitted to appoint counsel to represent Powers and we are not required to allow her oral argument in this appeal, we decline to do either.

## BACKGROUND

### Events in Debtor's Bankruptcy Case Leading to Closing

On October 13, 2005, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Powers filed her proof of claim which is number 638. The bankruptcy court disallowed Powers' claim and denied her motion to reconsider the claim disallowance (the "Claim Disallowance Orders"). At about the same time, the court confirmed the Debtor's plan of reorganization. Thereafter, the bankruptcy court also entered orders, over the objection of Powers, allowing compensation to certain of the Debtor's professionals (the "Fee Orders").

Powers appealed to the district court from the bankruptcy court's Claim Disallowance Orders. On August 3, 2007, the district court dismissed her appeal with prejudice as being untimely. It also denied a request by Powers to reconsider the dismissal of her appeal. Powers appealed to the bankruptcy appellate panel (the "BAP") from the Fee Orders. On August 20, 2007, the BAP dismissed Powers' appeal of the Fee Orders for lack of standing. Powers appealed the district court and BAP decisions to the Eighth Circuit.

3

As administration of the Debtor's plan neared completion, the bankruptcy court prepared to close the Debtor's case. On August 21, 2008, the court entered an order setting a deadline for the filing of reports regarding any further judicial proceeding to be commenced or any other reason to keep the case open. Powers filed a timely objection to the proposed case closing on the ground that the bankruptcy court should retain jurisdiction pending resolution of her appeals to the Eighth Circuit.

**Bankruptcy Court's Orders Closing Debtor's Case**

On September 12, 2008, the bankruptcy court entered its Case Closing Orders. In the Overruling Order, it overruled Powers' objection to the case closing. The court agreed with Powers that it would need jurisdiction to rule in the event that the Eighth Circuit reversed and remanded any proceedings to it, but noted that keeping the case open during the pendency of Powers' appeals would impose an unnecessary financial burden on other parties because all other proceedings in the case had been finalized. Accordingly, the court ruled that, in the event of post-appellate remand, it would act *sua sponte* to reopen the Debtor's case, pursuant to 11 U.S.C. 350(b), and would waive the reopening fee, thus accommodating Powers' concerns without financially burdening other parties.

Despite the bankruptcy court's thoughtful resolution of her objection, Powers elected to dispute the Case Closing Orders. On September 22, 2008, Powers filed a motion to reconsider both orders *and* a notice of appeal of both orders.[3] On September 29, 2008, Powers applied to proceed IFP for this appeal and requested that the court seal her financial information contained in her IFP application. The

---

[3] The substance of Powers' numerous requests for relief in this case and related proceedings is confusing. In addition to her frequent attempts to proceed with simultaneous challenges of orders in the bankruptcy and appellate courts, she often tries to "repeat" her prior motions in subsequent filings. An interpretation of the relief Powers seeks is confused further by her failure to use the accurate terminology and her complete disregard for applicable rules of procedure.

bankruptcy court denied Powers' request to seal the same day that Powers filed it. On October 8, 2008, Powers sought relief in the bankruptcy court from the order denying her request to seal. Her motion for relief included a "repeated" motion to seal.

## Stay of Proceedings Before the BAP and Request for Appointment of Counsel

Meanwhile, the BAP stayed the proceedings in Powers' appeal of the Case Closing Orders on October 1, 2008, terminated the stay on March 19, 2009, and again stayed the proceedings on April 13, 2009. The BAP's April 13, 2009 order operated to hold Powers' appeal in abeyance "pending entry of a final order by the bankruptcy court on her motion to reconsider." In connection with various motions filed by Powers, including her requests that the BAP hold its proceedings in abeyance, Powers requested that the BAP appoint counsel to represent her in this appeal. On June 23, 2009, the BAP entered an order instructing this panel to consider Powers' request for the appointment of counsel.

## Bankruptcy Court's Final Order

On May 1, 2009, the bankruptcy court entered the Final Order, denying each of Powers' then outstanding requests for relief. First, the court denied Powers' request that it reconsider the Case Closing Orders because her motion merely repeated substantive arguments she had already made in her objection to the case closing and did not satisfy the requirements for relief under Federal Rule of Civil Procedure 59(e). Next, based on her inability to demonstrate why the information she sought to seal was protected from public disclosure under the applicable law, failure to satisfy the requirements for relief under Rule 59(e), and *res judicata*, the court denied Powers' requests to seal her application to proceed IFP or reconsider its previous order denying her request to seal. Last, the court denied Powers' request to proceed IFP, finding that Powers had not proceeded in good faith by seeking review of the Overruling Order, which was carefully structured to protect her rights.

**Events After Entry of Final Order**

On May 11, 2009, Powers amended the Notice of Appeal that she had previously filed on September 22, 2008. Her September 22, 2008 Notice of Appeal sought review of the Case Closing Orders. By the Amended Notice of Appeal, Powers added the Final Order to the list of matters for appeal. On May 12, 2009, Powers filed a motion in the bankruptcy court seeking relief from the Final Order.[4] The bankruptcy court has not ruled on Powers' motion for relief from the Final Order.

After the bankruptcy court entered its Final Order and Powers filed her Amended Notice of Appeal, Powers' Eighth Circuit appeals regarding the Claim Disallowance Orders and the Fee Order ultimately proved to be unsuccessful. On July 7, 2009, the Eighth Circuit affirmed the district court's and BAP's dismissal of Powers' appeals.

**Waiver of Filing Fee and Request for Oral Argument**

In May of 2009, Powers asked the BAP to grant her the same relief that the bankruptcy court had already denied, waiver of the filing fee for her appeal. After twice ordering Powers to pay the filing fee, on June 9, 2009, an administrative panel of the BAP granted Powers permission to proceed IFP.[5]

---

[4] Powers' May 12, 2009 motion was filed more than ten days after entry of the Final Order. Accordingly, this Court does not need to decide whether it qualifies as a motion specified in Federal Rule of Bankruptcy Procedure 8002(b). Even if it did qualify as a Rule 8002(b) motion, this Court retained jurisdiction over this appeal. *See* Fed. R. Bankr. P. 8002(b).

[5] The BAP entered orders on May 6, 2009 and May 20, 2009, refusing Powers' additional requests for waiver of her filing fee. On June 1, 2009, Powers appealed the BAP's May 2009 orders to the Eighth Circuit. Notwithstanding the BAP's entry of its June 9, 2009 order waiving the filing fee, Powers refused to withdraw her June 1, 2009 appeal. The Eighth Circuit dismissed her appeal for lack of jurisdiction.

On August 6, 2009, this Court sent a letter indicating that this case had been selected for submission to this panel without oral argument. Powers filed a timely objection to the "no argument" classification for this appeal, together with requests that the BAP reconsider the "no argument" classification and grant her separate request for oral argument.

Powers now seeks review of the Case Closing Orders and the Final Order. We also address Powers' requests for appointment of counsel and for oral argument.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo. DeBold v. Case, 452 F.3d 756, 761* (8th Cir. 2006); *Kaelin v. Bassett (In re Kaelin)*, 308 F.3d 885, 888 (8th Cir. 2002); *Fokkena v. Klages (In re Klages)*, 381 B.R. 550, 553 (B.A.P. 8th Cir. 2008). The grant or denial of a motion for relief from judgment under Federal Rule of Civil Procedure 59(e) is reviewed for abuse of discretion. *Anderson v. Family Dollar Stores of Ark., Inc.,* 579 F.3d 858, 861-862 (8th Cir. 2009); *Barger v. Hayes County Non-Stock Co-Op (In re Barger),* 219 B.R. 238, 243 (B.A.P. 8th Cir. 1998).

## DISCUSSION
### Case Closing Orders

Powers lacks standing to challenge the Case Closing Orders. Only an aggrieved person has standing to appeal from a bankruptcy court order. *Yates v. Forker (In re Patriot Co.)*, 303 B.R. 811, 815 (B.A.P. 8th Cir. 2004)(*citing Nangle v. Surratt-States (In re Nangle)*, 288 B.R. 213, 216 (B.A.P. 8th Cir. 2003), *aff'd* 83 Fed.Appx. 141 (8th Cir. 2003)(unpublished) ). To be aggrieved, Powers would have to be "directly and adversely affected pecuniarily by the order." *Id. (quoting Nangle*, 288 B.R. at 216).

But Powers has no financial stake with respect to the bankruptcy court's closing of the Debtor's chapter 11 case. Her only alleged interest in the Debtor's case arose from her proof of claim number 638. Powers' claim 638 was disallowed in its entirety by the bankruptcy court. The district court dismissed Powers' appeal of the disallowance of her claim and the Eighth Circuit affirmed the order of disallowance.[6]

In addition, the Eighth Circuit has agreed that Powers is not an aggrieved person with respect to the Debtor's bankruptcy case. In its July 7, 2009 per curiam decision, the Eighth Circuit found that Powers lacked standing to appeal the Fee Orders "because her only claim in the matter had been resolved adversely to her." *Powers v. Mesaba Aviation, Inc.*, 328 Fed. Appx. 344, 344-345 (8th Cir. 2009)(unpublished) (citation omitted).

## Final Order

### Request to Reconsider Case Closing Orders

Simultaneous with the notice of appeal of the Case Closing Orders, Powers filed a motion seeking reconsideration of the same orders. She now appeals the bankruptcy court's Final Order denying her request for reconsideration of the Case Closing Orders. It is clear that the bankruptcy court acted within its discretion when it denied Powers' motion to reconsider. The procedure set forth in the Overruling Order was specifically crafted to protect Powers' rights. The bankruptcy court provided a forum with jurisdiction for Powers to adjudicate the merits of her claim if the Eighth Circuit were to reverse the district court's dismissal of her appeal and remand the proceeding to the bankruptcy court. The Overruling Order also spared Powers administrative work or expenses to reopen the Debtor's case. It stated that, in the event of post-appellate remand, the bankruptcy court would reopen the Debtor's

---

[6] The Eighth Circuit denied Powers' request for rehearing.

8

bankruptcy case *sua sponte* pursuant to 11 U.S.C. §350(b), and waive the applicable filing fee.

Because the Eighth Circuit affirmed the dismissal of Powers' appeal, the bankruptcy court will not have to reconsider the merits of Powers' claim. There will, therefore, be no cause to reopen the case under section 350(b). 11 U.S.C. §350(b)(allowing a court to reopen a case "to administer assets, to accord relief to the debtor, or for other cause").

### Request to File *In Forma Pauperis*

In an effort to avoid paying a fee to file this appeal, Powers requested IFP status. She now appeals the bankruptcy court's Final Order denying her request. On June 9, 2009, a date that fell between the time when Powers filed her Amended Notice of Appeal to include the Final Order and the date of this decision, the BAP waived Powers' filing fee. Accordingly, Powers' appeal of the bankruptcy court's denial of her request for IFP status is now moot because it no longer presents an ongoing controversy. This Court may only exercise jurisdiction over ongoing cases and controversies. U.S. CONST., art. III, §2, cl. 1; *Hickman v. State of Missouri*, 144 F3d 1141, 1142 (8th Cir. 1998); *I.R.S. v. Ealy (In re Ealy)*, 396 B.R. 20, 22 (B.A.P. 8th Cir. 2008).

### Request to Seal Application to File *In Forma Pauperis*

The last ruling in the Final Order from which Powers appeals is the bankruptcy court's denial of her request to seal her IFP application.[7] Her request is moot. The

---

[7] Technically, the Final Order denied Powers' attempts to have her IFP application sealed based on procedural and preclusion principles, Federal Rule of Civil Procedure 59(e) and *res judicata*. After the bankruptcy court denied Powers' initial request to seal her IFP application, she filed a motion to reconsider the bankruptcy court's ruling. Apparently in an effort to get a second bite at the apple, she also filed a "repeated" motion to seal. The

bankruptcy court never sealed the record. Powers' application has been publically available on the bankruptcy court's docket for over a year. At this point, meaningful appellate relief is no longer possible. *Church of Scientology of Ca. v. U.S.,* 506, U.S. 9, 12, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992)(*citing Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895)).

In addition, the bankruptcy court properly denied Powers' request to seal her application for IFP status because the information contained in her application is not scandalous or defamatory.[8] Section 107(a) of the Bankruptcy Code states that papers filed in bankruptcy cases are public records. 11 U.S.C. §107(a). Section 107(b)(2) provides an exception to the rule of public access for *"scandalous or defamatory* matter contained in a paper filed in a case under [the Bankruptcy Code]." 11 U.S.C. §107(b)(2)(emphasis added). Federal Rule of Bankruptcy Procedure 9018 permits the bankruptcy court to make an order "to protect any entity against *scandalous or defamatory* matter contained in any paper filed in a case under the [Bankruptcy] Code." Fed. R. Bankr. P. 9018 (emphasis added). When viewing the financial information in Powers' IFP application in light of its role in the court records, it is clear that the information was neither scandalous nor defamatory. *Neal v. The Kansas City Star (In re Neal),* 461 F.3d 1048, 1053-1054 (8th Cir. 2006)(employing a context-sensitive inquiry). The only imaginable harm to Powers from public access to information in her IFP application is damage to her reputation. Injury or potential injury to Powers' reputation will not suffice to deny public access to the document. *Id. (citing Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.),* 422 F.3d 1, 11 (1st Cir. 2005)). Moreover, it strikes the panel as rather odd that

---

bankruptcy court was well within its discretion to disallow the motion to reconsider. In addition, its application of *res judicata* to Powers' "repeated" motion to seal is well-reasoned.

[8] Powers cited various statutes and constitutional provisions to allegedly support her request. As the bankruptcy court correctly noted in its Final Order, Powers never "developed a comprehensible argument as to why the information [in her application] is the sort protected under the constitutional provisions and the statutes that she cited."

Powers would seek to invoke the protections of §107 and Rule 9018 with respect to her own filings; surely the statute and rule were not intended to protect persons from filing papers that contain information that is scandalous or defamatory to themselves.

**Request for Appointment of Counsel**

Powers' request for appointment of counsel to represent her in this appeal is denied. Only an indigent whose physical liberty is at stake has a right to counsel. *Lassiter v. Dep't of Soc. Servs. of Durham County*, 452 U.S. 18, 26-28, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). Powers' physical liberty was not at stake in this appeal. We know of no bankruptcy court that has granted a request for appointment of counsel under similar facts.

**Request for Oral Argument**

The last matter that we consider is Powers' request for oral argument in this appeal. Pursuant to Federal Rule of Bankruptcy Procedure 8012, we have reviewed the briefs, record and appendixes on appeal, and have determined that oral argument is not necessary because Powers' appeal is frivolous. Fed. R. Bankr. P. 8012.

**CONCLUSION**

For the foregoing reasons, we affirm the decisions of the bankruptcy court in the Case Closing Orders and the Final Order. We deny Powers' requests for appointment of counsel and for oral argument in this appeal.

Powers has, in our opinion, abused her rights by filing frivolous and vexatious documents that do not comply with the applicable procedural rules for appeals to this panel. She has exhausted the patience of the BAP given the fact that she is not a claimholder and has no pecuniary interest in the Debtor's bankruptcy case. We have

11

no doubt that she will appeal this Order to the Eighth Circuit.  If she does so, we suggest that the Eighth Circuit take the unusual but appropriate steps to deny her the right to any further appeals of the bankruptcy court's orders.

———————————————