# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3863

_____

In re:  Mesaba Aviation, Inc.

        Debtor,

--------------------------------------

Coleen L. Powers,

        Appellant,

  v.

Odyssey Capital Group, LLC,

        Appellee.

Appeal from the United States
Bankruptcy Appellate Panel
for the Eighth Circuit.

[UNPUBLISHED]

_____

Submitted: July 23, 2010
Filed: July 28, 2010

_____

Before WOLLMAN, MELLOY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Coleen L. Powers appeals the Bankruptcy Appellate Panel's (BAP's) orders denying her leave to appeal in forma pauperis (IFP),  denying appointed counsel and

oral argument, affirming bankruptcy court[1] orders closing the bankruptcy case of Mesaba Aviation, Inc. (Mesaba), and denying Powers's motion to seal the affidavit she attached to her request to proceed IFP. She also appeals the denial of her various motions for reconsideration of the foregoing orders. For the following reasons, we conclude that Powers cannot raise many of the challenges she seeks to raise; as to those properly raised, we affirm. We also deny Powers's motion to strike appellee's brief and appendix.

In 2009 we affirmed the dismissal of Powers's appeal, as untimely, from an order disallowing her sole claim in Mesaba's bankruptcy; we also affirmed the BAP's dismissal, for lack of standing, of her appeal from fee orders in the same bankruptcy. See Powers v. Mesaba Aviation, Inc., 328 Fed. Appx. 344, 344-45 (8th Cir. 2009) (unpublished per curiam). Accordingly, Powers cannot now challenge the order disallowing her bankruptcy claim. See Gander Mountain Co. v. Cabela's, Inc., 540 F.3d 827, 830 (8th Cir. 2008) (discussing law-of-the-case doctrine).

Given that her sole bankruptcy claim was disallowed, Powers lacks standing to challenge the orders closing the bankruptcy case and denying her challenges to that order, and likewise, she lacks standing to challenge the BAP's disposition of her related appeals. See Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000) (discussing Article III standing and requirement of injury in fact). Further, we will not review the orders denying her IFP status on appeal because the BAP later granted her IFP status. See In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 870 (8th Cir. 2000) (mootness).

We affirm the orders denying Powers's attempts to seal her IFP affidavit. She failed to establish that the information in the affidavit met the requirements for

---

[1]The Honorable Gregory F. Kishel, United States Bankruptcy Judge for the District of Minnesota.

obtaining an order to seal under Federal Rule of Bankruptcy Procedure 9018; the affidavit did not contain any of the information that Federal Rule of Bankruptcy Procedure 9037 allows her to redact (nor did she seek to redact any information); and we fail to see how failure to seal the information violated her right to privacy under the Fourth Amendment or any of the other statutes she lists. Finally, Powers did not suffer a due process violation merely because no hearing was held before the bankruptcy court issued its order finally disposing of Powers's numerous motions to reconsider and "renewed" motions; and the BAP did not err in denying counsel or oral argument.

Accordingly, we deny Powers's motion to strike appellee's brief and appendix, and we affirm the orders denying her motions to seal her IFP affidavit, and for oral argument and appointed counsel.

_____