# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 14-6044

_____

In re: Darin Larry Seifert

*Debtor*

------------------------------

Darin Larry Seifert

*Debtor - Appellant*

v.

Kyle Carlson

*Trustee - Appellee*

CHS

*Objector - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Minnesota - Fergus Falls

_____

Submitted: April 23, 2015
Filed: May 22, 2015

_____

Before FEDERMAN, Chief Judge, NAIL and SHODEEN, Bankruptcy Judges.

_____

SHODEEN, Bankruptcy Judge.

The Debtor, Darin L. Seifert, appeals the order that resulted from the bankruptcy court's bench ruling on November 18, 2014, which held that the objection to debtor's claim of exemption in farm proceeds pursuant to state law was moot. We have jurisdiction of this appeal from entry of the bankruptcy court's final order pursuant to 28 U.S.C. section 158(b). For the reasons set forth below, we reverse and remand for further proceedings.

## STANDARD OF REVIEW

A bankruptcy court's findings of facts are reviewed for clear error, and its conclusions of law are reviewed de novo. First Nat'l Bank v.Pontow, 111 F.3d 604, 609 (8th Cir. 1997) (quoting Miller v. Farmers Home Admin. (In re Miller), 16 F.3d 240, 242 (8th Cir. 1994)). Issues subject to a bankruptcy court's discretion are reviewed for an abuse of that discretion based upon a failure to apply the proper legal standard. Sanders v. Clemco Indus., 862 F.2d 161, 169-70 (8th Cir. 1988). The conclusion that such an abuse occurred can only be reached if the court's ruling was clearly erroneous as to factual findings or legal conclusions. Yates v. Forker (In re Patriot Co.), 303 B.R. 811, 814 (B.A.P. 8th Cir. 2004).

## DISCUSSION

Seifert filed his petition under chapter 12 of the Bankruptcy Code on December 23, 2013. In the schedules filed with the court the sale proceeds from the current year's crop were described as "farm earnings" valued at $134,661. This asset consisted of five checks made jointly payable to the Farm Services Agency (FSA), CHS, Inc. and Seifert. Seifert claimed $91,258 of these farm earnings as exempt under Minnesota Statute § 550.37(13). FSA was identified as a secured creditor that held equipment, crops, farm earnings and a Kenworth tractor as collateral. CHS, Inc. filed a timely objection to Seifert's exemption claim in the farm earnings, which the trustee later joined.

2

Based upon the amount of its claim and the value of the collateral, FSA was classified and treated as an oversecured creditor in all of the proposed plans filed by Seifert. The FSA did not object to Seifert's claim of exemptions or to any of the filed plans. CHS and the chapter 12 trustee objected to each of the plans on various grounds. One of their objections was based upon the best interests of creditors test required under 11 U.S.C. section 1225(a)(4) and closely aligned to the exemption controversy. Under that code provision, in order to obtain confirmation of a chapter 12 plan, a debtor must demonstrate that: "the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date." Both CHS and the trustee took the position that because Seifert was not entitled to an exemption in the farm earnings the amount to be paid to the unsecured creditors must include the value of that asset.

At a May 28, 2014 hearing the bankruptcy court was informed that Seifert, CHS and the trustee had reached an agreement on the objections to confirmation of the plan related to 11 U.S.C. section 1225(a)(4). A Third Amended Plan, filed on September 24, 2014, included the following language:

> The Debtor's net equity in his property, after deducting the amounts of the secured claims and his exemptions, is set by Stipulation. The debtor agrees that no less than $32,500.00 shall be paid to the Trustee for payment of cost of administration excluding attorney fees and distribution to creditors over the life of the Plan as provided for in Article VII. However, if the Debtor's claim of exemption of farm earnings is finally disallowed, the Debtor shall pay the principal sum of $95,000.00, together with interest, as provided in Article VII.

After the parties had reached their agreement, but before the next hearing on plan confirmation, CHS filed a pleading with the Court asserting that the pending exemption dispute was moot because the checks resulting from the sale of the 2013

crop had been turned over to FSA and consequently Seifert retained no interest in those funds.

It is well-settled that jurisdiction of the federal courts is confined to actual controversies in which one of the litigants has a "legally cognizable interest." Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. 1523, 1528 (2013) (internal citations and quotations omitted). Requests for declaratory relief are equally subject to the doctrine of mootness. See Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993); see also Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 896 (5th Cir. 2000). An actual controversy must exist at all stages of the proceeding which will result in a remedy that can be fashioned to address an interest or injury alleged by one of the parties. If subsequent developments in the case preclude such a result the issue becomes constitutionally moot. See Genesis Healthcare Corp. v. Symczyk, 133 S.Ct. at 1528; Shea v. Esensten, 208 F.3d 712, 716 (8th Cir.2000); Missouri v. Craig, 163 F.3d 482, 485 (8th Cir.1998). "A live case or controversy exists . . . if the parties have an interest in the outcome of the litigation." In re PW, LLC, 391 B.R. 25, 33 (B.A.P. 9th Cir. 2008).

There is no doubt that the parties' stipulation, incorporated into the proposed plan, reserved the issue of the disputed claim of exemption for later determination. Payment to the FSA did not operate to override the parties' stipulation and did not constitute a determination of what amount would be paid to unsecured creditors. The issue of whether debtor is entitled to the exemption under state law is not moot.

For the reasons set forth, the decision of the bankruptcy court is reversed and remanded for further proceedings consistent with this opinion.

_____